# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**JS-6**

### CIVIL MINUTES - GENERAL

| Case No. | 8:23-cv-02230-SVW | Date | May 6, 2024 |
|---|---|---|---|
| | Related Cases: | | |
| | 8:23-cv-02248-SVW | | |
| | 8:23-cv-02250-SVW | | |
| | 8:23-cv-02245-SVW | | |
| | 8:23-cv-02251-SVW | | |
| | 8:23-cv-02279-SVW | | |
| | 8:23-cv-02252-SVW | | |
| | 8:23-cv-02257-SVW | | |
| | **8:23-cv-02260-SVW** | | |
| | 8:23-cv-02261-SVW | | |
| | | | |
| | BK Case No. 8:21-bk-11558-TA | | |
| | Adv. No. 8:23-ap-01030-TA | | |
| Title | *In re: Parks Diversified, L.P.* | | |

Present: The Honorable   STEPHEN V. WILSON, U.S. DISTRICT JUDGE

|  |  |
|---|---|
| Daniel Tamayo | N/A |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| N/A | N/A |

**Proceedings:**        ORDER RESOLVING APPELLANTS' APPEALS

### I.    Introduction

Before the Court is an appeal of various orders by the United States Bankruptcy Court: Central District of California (the "Bankruptcy Court") by Appellants Talon Diversified Holdings, Inc., North

|  | : |  |
|---|---|---|
| Initials of Preparer | | DTA |

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| Case No. | 8:23-cv-02230-SVW<br>Related Cases:<br>8:23-cv-02248-SVW<br>8:23-cv-02250-SVW<br>8:23-cv-02245-SVW<br>8:23-cv-02251-SVW<br>8:23-cv-02279-SVW<br>8:23-cv-02252-SVW<br>8:23-cv-02257-SVW<br>**8:23-cv-02260-SVW**<br>8:23-cv-02261-SVW<br><br>BK Case No. 8:21-bk-11558-TA<br>Adv. No. 8:23-ap-01030-TA | Date | May 6, 2024 |
|---|---|---|---|
| Title | *In re: Parks Diversified, L.P.* | | |

Valley Mall II, LLC, Parks Diversified L.P., North Valley Regional Center LLC, Richard Parks, and Lucia Parks (collectively "Appellants").

For the reasons below, the Court rejects Appellants' argument that all actions by the Bankruptcy Court are void due to lack of subject matter jurisdiction. However, the Court also finds that the Bankruptcy Court overstepped the bounds of its ancillary jurisdiction.

### II.     Factual and Procedural Background

The facts of this case are unwieldy. For the convenience of the reader, the Court has divided this sad saga of a brutal family dispute into three acts.

#### A. Act I: The Original Bankruptcy

Lucy Parks is the mother of David Klein ("Son"). Pls.' Mot. for Order Determining Subject Matter Jurisdiction 6, ECF No. 44 ("Pls.' Mot."). Richard Parks is Son's stepfather. *Id.* Lucy and Richard (collectively, "Parents") were married when Son was twelve years old. *Id.* Parks Diversified, L.P. ("Parks Diversified") is a partnership formed in 2002. *Id.* At some point, it consisted of three general partners:

| | : | |
|---|---|---|
| Initials of Preparer | | DTA |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 8:23-cv-02230-SVW<br>Related Cases:<br>8:23-cv-02248-SVW<br>8:23-cv-02250-SVW<br>8:23-cv-02245-SVW<br>8:23-cv-02251-SVW<br>8:23-cv-02279-SVW<br>8:23-cv-02252-SVW<br>8:23-cv-02257-SVW<br>**8:23-cv-02260-SVW**<br>8:23-cv-02261-SVW<br><br>BK Case No. 8:21-bk-11558-TA<br>Adv. No. 8:23-ap-01030-TA | Date | May 6, 2024 |
|---|---|---|---|
| Title | *In re: Parks Diversified, L.P.* | | |

Parents and Son. *Id.* Parks Diversified's purpose was to serve "as a vehicle for real estate and related endeavors." *Id.*

On June 22, 2021, Son filed a voluntary petition initiating a bankruptcy case for Parks Diversifiedunder chapter 11 of the bankruptcy code. Excerpts of Record ("EOR"), Ex. 1 (Chapter 11 Voluntary Petition for Bankruptcy), ECF No. 46-1. Son purportedly did this in his capacity as "General Partner" of Parks Diversified. *Id.* This filing was executed by the law firm Goe Forsythe & Hodges, LLP ("Goe Forsythe"). *Id.* The bankruptcy case number was 8:21-bk-11558-TA ("Act I Bankruptcy Case").

On June 29, 2021, Parks Diversified moved to appoint Goe Forsythe to act as general bankruptcy counsel. EOR, Ex. 2 (Parks Diversified's Application to Employ Goe Forsythe), ECF No. 46-1. This application was opposed by Parents, who contended Son had no corporate authority to put Parks Diversified into bankruptcy. EOR, Ex. 4 (Parents' Opposition to Parks Diversified's Application to Appoint Goe Forsythe), ECF No. 46-1. In that opposition, Parents argued that "prior to the determination of whether [Son] had authority to file this bankruptcy case, no employment order should be entered for any counsel." *Id.* at 2. The Bankruptcy Court granted Parks Diversified's Application on September 9, 2021. EOR, Ex. 9 (Order Granting Application to Employ Goe Forsythe), ECF No. 46-2.

| | : |
|---|---|
| Initials of Preparer | DTA |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 8:23-cv-02230-SVW<br>Related Cases:<br>8:23-cv-02248-SVW<br>8:23-cv-02250-SVW<br>8:23-cv-02245-SVW<br>8:23-cv-02251-SVW<br>8:23-cv-02279-SVW<br>8:23-cv-02252-SVW<br>8:23-cv-02257-SVW<br>**8:23-cv-02260-SVW**<br>8:23-cv-02261-SVW<br><br>BK Case No. 8:21-bk-11558-TA<br>Adv. No. 8:23-ap-01030-TA | Date | May 6, 2024 |
|---|---|---|---|
| Title | *In re: Parks Diversified, L.P.* | | |

On July 8, 2021, Parks Diversified moved to appoint Klein & Wilson, LLP ("Klein & Wilson") to act as special litigation counsel. EOR, Ex. 3 (Parents' Opposition to Parks Diversified's Application to Appoint Klein & Wilson), ECF No. 46-1. This application was opposed by Parents. EOR, Ex. 6 (Parents' Opposition to Parks Diversified's Application to Appoint Klein & Wilson), ECF No. 46-2. Parents argued in that opposition, *inter alia*, that "prior to the determination of whether [Son] had authority to file this bankruptcy case, no employment order should be entered for any counsel, including both general bankruptcy counsel and proposed special counsel." *Id.* at 2. The Bankruptcy Court granted Parks Diversified's Application on October 5, 2021. EOR, Ex. 10 (Order Granting Application to Employ Klein & Wilson), ECF No. 46-2.

On July 23, 2021, Parks Diversified, through yet-to-be-appointed counsel Klein & Wilson, initiated an adversary proceeding against Parents. EOR, Ex. 5 ("Parks Diversified Adversary Proceeding Against Parents"), ECF No. 46-1. The complaint in that proceeding alleged that Parents had been siphoning money from Parks Diversified and had been improperly classifying their actions as loans from Parks Diversified to Parents. *Id.* ¶ 15. The complaint listed several causes of action, including breach of

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 8:23-cv-02230-SVW<br>Related Cases:<br>8:23-cv-02248-SVW<br>8:23-cv-02250-SVW<br>8:23-cv-02245-SVW<br>8:23-cv-02251-SVW<br>8:23-cv-02279-SVW<br>8:23-cv-02252-SVW<br>8:23-cv-02257-SVW<br>**8:23-cv-02260-SVW**<br>8:23-cv-02261-SVW<br><br>BK Case No. 8:21-bk-11558-TA<br>Adv. No. 8:23-ap-01030-TA | Date | May 6, 2024 |
|---|---|---|---|
| Title | *In re: Parks Diversified, L.P.* | | |

the partnership agreement. *Id.* ¶¶ 18–44. Relief sought included damages and the avoidance and recovery of fraudulent transfers. *Id.*

On August 11, 2021, Parents filed a motion to dismiss the entire bankruptcy case. EOR, Ex. 7 (Motion to Dismiss Bad Faith Bankruptcy Case), ECF No. 46-2. *Inter alia*, that motion made the following argument: "This bankruptcy case was filed without authorization from the partners of the Debtor and is therefore a legal nullity, and a fraud on the Court. It must be dismissed." *Id.* at 17. The bankruptcy court denied the motion "insofar as it requests dismissal of the case" on September 9, 2021. EOR, Ex. 9 (Order Denying Motion to Dismiss Bad Faith Bankruptcy Case), ECF No. 46-2.

On March 2, 2022, Parents filed a renewed motion to dismiss. EOR, Ex. 11 (Renewed Motion to Dismiss Bankruptcy), ECF No. 46-3. That motion, *inter alia*, renewed Parents' argument from the first motion to dismiss: "Because corporate authority is lacking, the case must be dismissed and treated as an involuntary petition." *Id.* at 21.

Before the Bankruptcy Court could rule on Parents' renewed motion to dismiss, the parties settled pursuant to the terms of a written agreement (the "Settlement Agreement"). EOR, Ex. 12 (Stipulation to

|  | : |
|---|---|
| Initials of Preparer | DTA |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 8:23-cv-02230-SVW<br>Related Cases:<br>8:23-cv-02248-SVW<br>8:23-cv-02250-SVW<br>8:23-cv-02245-SVW<br>8:23-cv-02251-SVW<br>8:23-cv-02279-SVW<br>8:23-cv-02252-SVW<br>8:23-cv-02257-SVW<br>**8:23-cv-02260-SVW**<br>8:23-cv-02261-SVW<br><br>BK Case No. 8:21-bk-11558-TA<br>Adv. No. 8:23-ap-01030-TA | Date | May 6, 2024 |
|---|---|---|---|
| Title | *In re: Parks Diversified, L.P.* | | |

Dismiss Bankruptcy Case), ECF No. 46-3. The parties "agreed to dismiss this Chapter 11 case and the Adversary." *Id.* at 2. For the purposes of this appeal, there are several relevant provisions of the stipulation:

> 3. All of the Parties in all capacities reserve any and all rights in relation each other [*sic*]. The signature on behalf of the Parks on this Stipulation and any payments for dismissal of the case shall not be considered an admission regarding corporate authorization for the filing of the Bankruptcy Case and shall not be considered an admission by the Parks that Parks Diversified, L.P. properly consented to the employment of any of the Professionals. None of the Parties release any claims or rights against each other except as set forth in ¶ 4.

> 4. The Parties release and waive any and all claims against each and all of the Professionals arising out of the Bankruptcy Case and the Professionals waive and release any and all claims against all Parties except David Klein, as an individual.

. . .

| | : |
|---|---|
| Initials of Preparer | DTA |

## UNITED STATES DISTRICT COURT
### CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 8:23-cv-02230-SVW Related Cases: 8:23-cv-02248-SVW 8:23-cv-02250-SVW 8:23-cv-02245-SVW 8:23-cv-02251-SVW 8:23-cv-02279-SVW 8:23-cv-02252-SVW 8:23-cv-02257-SVW **8:23-cv-02260-SVW** 8:23-cv-02261-SVW BK Case No. 8:21-bk-11558-TA Adv. No. 8:23-ap-01030-TA | Date | May 6, 2024 |
|---|---|---|---|
| Title | *In re: Parks Diversified, L.P.* | | |

7. The Court shall retain jurisdiction over issues relating to this Bankruptcy Case and the rights arising out of this agreement including fee applications of the Professionals should the Court or Office of the United States Trustee determine that such applications must be filed. . . .

*Id.* at 3. The stipulation defined the term "Professionals" as "[t]he professionals employed by the Court," and named Goe Forsythe, Klein & Wilson, and another entity named Windes, Inc. *Id.* at 2.

Act I therefore fades to black with this uneasy truce. The Bankruptcy Court approved the stipulation with little fanfare on April 18, 2022. EOR, Ex. 13 (Order Approving Stipulation of Dismissal), ECF No. 46-3.

### B.  Act II: The State Court Action and Its Removal

The curtain rises approximately one year later.

On March 17, 2023, Appellants filed a complaint (the "Act II State Court Action") in the Superior Court of the State of California, County of Orange, against numerous defendants: Son, Goe Forsythe,

| Initials of Preparer | : | DTA |
|---|---|---|

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 8:23-cv-02230-SVW | Date | May 6, 2024 |
|----------|-------------------|------|-------------|
| | Related Cases: | | |
| | 8:23-cv-02248-SVW | | |
| | 8:23-cv-02250-SVW | | |
| | 8:23-cv-02245-SVW | | |
| | 8:23-cv-02251-SVW | | |
| | 8:23-cv-02279-SVW | | |
| | 8:23-cv-02252-SVW | | |
| | 8:23-cv-02257-SVW | | |
| | **8:23-cv-02260-SVW** | | |
| | 8:23-cv-02261-SVW | | |
| | | | |
| | BK Case No. 8:21-bk-11558-TA | | |
| | Adv. No. 8:23-ap-01030-TA | | |
| Title | *In re: Parks Diversified, L.P.* | | |

Klein & Wilson, and other attorneys (including Marc Forsythe in his individual capacity and Michael Leboff, an attorney at Klein & Wilson, in his individual capacity). EOR, Ex. 15 (Notice of Removal of Civil Action from State Court (including Verified State Court Complaint)), ECF No. 46-3. That complaint was sprawling, coming in just shy of 600 paragraphs and spanning 63 pages. *Id.*

The theory underpinning the Act II State Court Action is as follows: (1) Parents owned 99% of Parks Diversified, while Son owned the remaining 1%; (2) Parents and Son were all general partners of Parks Diversified when that entity was formed; (3) Son voluntarily resigned his status as a general partner of Parks Diversified in mid-November 2009, around the time that North Valley Mall, LLC[1] initiated a chapter 11 bankruptcy; (4) Son never communicated to Parents that he withdrew his resignation as general partner or that he wished to be reinstated as such; (5) Son sent a letter claiming to terminate the general partner status of Parents on June 21, 2021, but this letter had no legal effect; (6) Parents remained and still remain general partners of Parks Diversified; (7) due to his previous resignation of general partner status, Son had no corporate authority to initiate the Act I Bankruptcy Case on behalf of Parks Diversified in June

---

[1] North Valley Mall, LLC is a suspended California LLC; at the time of its chapter 11 bankruptcy, that LLC was the owner of a shopping mall in Chico, California. EOR, Ex. 15 (Notice of Removal of Civil Action from State Court (including Verified State Court Complaint)) ¶ 25–27, ECF No. 46-3. Parks Diversified was the manager of North Valley Mall, LLC. *Id.* ¶ 28.

| | : | |
|---|---|---|
| Initials of Preparer | | DTA |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 8:23-cv-02230-SVW<br>Related Cases:<br>8:23-cv-02248-SVW<br>8:23-cv-02250-SVW<br>8:23-cv-02245-SVW<br>8:23-cv-02251-SVW<br>8:23-cv-02279-SVW<br>8:23-cv-02252-SVW<br>8:23-cv-02257-SVW<br>**8:23-cv-02260-SVW**<br>8:23-cv-02261-SVW<br><br>BK Case No. 8:21-bk-11558-TA<br>Adv. No. 8:23-ap-01030-TA | Date | May 6, 2024 |
|---|---|---|---|
| Title | *In re: Parks Diversified, L.P.* | | |

2021; (8) Son owed Parks Diversified and Parents a fiduciary duty; (8) Son was expelled from Parks Diversified on August 15, 2022; (9) Son retains a 1% purely economic interest in Parks Diversified; (10) Son had no legal authority to hire lawyers for Parks Diversified leading up to, during, and after the Act I Bankruptcy Case. EOR, Ex. 15 (Notice of Removal of Civil Action from State Court (including Verified State Court Complaint)) ¶ 438–441, ECF No. 46-3. The Act II State Court Action sought numerous forms of relief. First, it sought declaratory relief as to the facts above. *Id.* ¶ 437–90. Second, it sought restitution of funds given to Son by Parents in March 2016. *Id.* ¶ 484–87. The Act II State Court action also sought relief from various attorneys listed as defendants, including Linda Wong; Darrell P. White, William London, Maxx Sharp, and Kimura London & White LLP; Marc Forsythe and Goe Forsythe & Hodges, LLP; Michael S. Leboff and the entity Klein & Wilson; and Todd B. Becker and the entity Becker Law Group. Against these defendants, Parents pleaded causes of action for breach of fiduciary duty, legal malpractice, breach of contract, and conversion. The ample claims brought are too numerous to summarize,[2] but the gist is that these attorneys either conspired with Son to help him enact his scheme or were deceived by him into doing so. *Id.* ¶ 487–95. *See also* Tr. of Proceedings on 12/11/2023 at 7:3–9, ECF No. 60 ("Two of the defendants were the two attorneys, two sets of attorneys, two law firms and their

---

[2] Parents claim that there are "approximately 183 claims" in the Act II State Court Action. Appellants' Mot. on Subject Matter Jurisdiction 16, ECF No. 44.

| | : |
|---|---|
| Initials of Preparer | DTA |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 8:23-cv-02230-SVW<br>Related Cases:<br>8:23-cv-02248-SVW<br>8:23-cv-02250-SVW<br>8:23-cv-02245-SVW<br>8:23-cv-02251-SVW<br>8:23-cv-02279-SVW<br>8:23-cv-02252-SVW<br>8:23-cv-02257-SVW<br>**8:23-cv-02260-SVW**<br>8:23-cv-02261-SVW<br><br>BK Case No. 8:21-bk-11558-TA<br>Adv. No. 8:23-ap-01030-TA | Date | May 6, 2024 |
|---|---|---|---|
| Title | *In re: Parks Diversified, L.P.* | | |

individual attorneys who had undertaken the representation of [Son] and initiated the underlying Chapter 11. So the claim was they had helped [Son] commit tortious and breach of contract actions and caused the parents and related entities damages.")

On April 10, 2023, defendants Goe Forsythe and Marc Forsythe petitioned the bankruptcy court to reopen the Act I Bankruptcy Case for the purpose of resolving the Act II State Court Action; the bankruptcy court granted this request. EOR, Ex. 14 (Order Granting Motion to Reopen Chapter 11 Case), ECF No. 46-3. The Act II State Court Action was removed to bankruptcy court by defendant Goe Forsythe on April 13, 2023. EOR, Ex. 15 (Notice of Removal of Civil Action from State Court (including Verified State Court Complaint)), ECF No. 46-3.

Upon removal, the Bankruptcy Court issued an order to show cause why the removed case should not be remanded to state court. EOR, Ex. 16 (Notice of Status Conference and Order to Show Cause re: Remand), ECF No. 46-3. At a hearing held on June 8, 2023, the bankruptcy court stated that it had "reflexively" issued that order to show cause and noted that, upon further inspection, "**this case has got bankruptcy issues written all over it**, so I think that the removal is appropriate." EOR, Ex. 24 (Transcript of Proceedings – June 8, 2023) at 45:22–25 (emphasis added), ECF No. 46-4. Regarding Appellants'

| | : |
|---|---|
| Initials of Preparer | DTA |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 8:23-cv-02230-SVW<br>Related Cases:<br>8:23-cv-02248-SVW<br>8:23-cv-02250-SVW<br>8:23-cv-02245-SVW<br>8:23-cv-02251-SVW<br>8:23-cv-02279-SVW<br>8:23-cv-02252-SVW<br>8:23-cv-02257-SVW<br>**8:23-cv-02260-SVW**<br>8:23-cv-02261-SVW<br><br>BK Case No. 8:21-bk-11558-TA<br>Adv. No. 8:23-ap-01030-TA | Date | May 6, 2024 |
|---|---|---|---|
| Title | *In re: Parks Diversified, L.P.* | | |

argument that Son had filed without authorization and that the Bankruptcy Court therefore lacked subject matter jurisdiction, the bankruptcy court said the following: "The question is, should I have kept the case in the light of all the evidence that your side has amassed, that he was acting beyond his authority? That's a much more nuanced question, but **I don't think it's a jurisdictional question**." *Id.* at 31:10–14 (emphasis added).

The bankruptcy court subsequently granted, in whole or in part, various motions to dismiss filed by the case's numerous defendants. Appellants then filed an amended complaint on July 10, 2023. EOR, Ex. 25 (Second Amended Complaint), ECF No. 46-4.

On August 24, 2024, Appellants filed a motion for remand. EOR, Ex. 27 (Plaintiffs' Notice of Motion for Order Remanding Non-Debtors' Action), ECF No. 46-4. That motion was "based, legally, *inter alia*, on the Court's lack of subject matter jurisdiction, over any of the purely state-law-governed claims of the NON-DEBTOR moving parties." *Id.* at 2. More specifically, Appellants argued that the bankruptcy court had no subject matter jurisdiction over the State Court Action because Son never had legal authority to file the Act I Bankruptcy Case. They argued that the Bankruptcy Court had a duty to determine whether it had subject matter jurisdiction by resolving the question of Son's authority to initiate

| | | : | |
|---|---|---|---|
| | Initials of Preparer | | DTA |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| Case No. | 8:23-cv-02230-SVW | Date | May 6, 2024 |
|---|---|---|---|
| | Related Cases: | | |
| | 8:23-cv-02248-SVW | | |
| | 8:23-cv-02250-SVW | | |
| | 8:23-cv-02245-SVW | | |
| | 8:23-cv-02251-SVW | | |
| | 8:23-cv-02279-SVW | | |
| | 8:23-cv-02252-SVW | | |
| | 8:23-cv-02257-SVW | | |
| | **8:23-cv-02260-SVW** | | |
| | 8:23-cv-02261-SVW | | |
| | | | |
| | BK Case No. 8:21-bk-11558-TA | | |
| | Adv. No. 8:23-ap-01030-TA | | |
| Title | *In re: Parks Diversified, L.P.* | | |

the bankruptcy; had it done so, Appellants believe, the Bankruptcy Court would have dismissed the case. Pls.' Mem. of Points and Authorities ISO Mot. for Remand at 18-20, *Talon Diversified Holdings, Inc. v. Klein*, 8:23-ap-01030-TA (Bankr. C.D. Cal. Mar. 15, 2024), ECF No. 164.

In advance of its hearing on that motion, the bankruptcy court issued a tentative order. The text of that tentative order is reproduced below:

This is the motion of Talon Diversified Holdings, Inc., North Valley Mall II, LLC, North Valley Regional Center LLC, and Richard and Lucia Parks and Putative Debtor Partnership Parks Diversified, L.P.'s ('Talon group') for Remand. The court previously entered an order retaining jurisdiction over this proceeding and denying remand on June 16, 2023. This motion for remand, while perhaps not identical, seems to echo the same arguments and points raised previously and ruled on previously. If something substantively different was raised the court missed it.

It has already been established by this court that jurisdiction is retained over this case as the matter contemplates a "core proceeding" under 28 U.S.C. § 157(b)(1). **The 'core proceeding' is whether Mr. David Klein had authority to file chapter 11 bankruptcy on behalf of Parks Diversified.**

| | : |
|---|---|
| Initials of Preparer | DTA |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| Case No. | 8:23-cv-02230-SVW | Date | May 6, 2024 |
|---|---|---|---|
| | Related Cases: | | |
| | 8:23-cv-02248-SVW | | |
| | 8:23-cv-02250-SVW | | |
| | 8:23-cv-02245-SVW | | |
| | 8:23-cv-02251-SVW | | |
| | 8:23-cv-02279-SVW | | |
| | 8:23-cv-02252-SVW | | |
| | 8:23-cv-02257-SVW | | |
| | **8:23-cv-02260-SVW** | | |
| | 8:23-cv-02261-SVW | | |
| | | | |
| | BK Case No. 8:21-bk-11558-TA | | |
| | Adv. No. 8:23-ap-01030-TA | | |
| Title | *In re: Parks Diversified, L.P.* | | |

See *In re Korean W. Presbyterian Church of Los Angeles*, 618 B.R. 282, 291 (Bankr. C.D. Cal. 2020) ("Matters concerning who has authority to file a bankruptcy petition, make decisions for a debtor in possession, and control its property is a 'core' proceeding, as a matter of statutory construction (28 U.S.C. § 157(b)(2)."). **Most of the other theories are ancillary to that issue or relate to the so-called *Barton* doctrine**, which requires leave of the appointing court to sue a court-appointed professional. But **both are squarely within the jurisdiction and purview of the bankruptcy court**. Further, this motion is untimely under LBR 9013-1(c), as a motion for remand must be filed with the clerk of the bankruptcy court not later than 30 days after the date of filing of the notice of removal and served under LBR 9013-1(d). Both oppositions argue that this motion is really a disguised motion for reconsideration. If this was the intention of the Talon group the court would also find the motion untimely because it must be brought within a reasonable time of the court's order under Fed. R. Civ. P. Rule 60(b), which was entered more than two months ago. For these reasons, and those stated previously, the court finds once again that it retains jurisdiction over this matter and denies the Motion for Remand.

This approach of 'retreading' the same argument (appearing as well elsewhere on this calendar) is very disturbing to the court and an explanation is requested.

| | : |
|---|---|
| Initials of Preparer | DTA |

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| Case No. | 8:23-cv-02230-SVW<br>Related Cases:<br>8:23-cv-02248-SVW<br>8:23-cv-02250-SVW<br>8:23-cv-02245-SVW<br>8:23-cv-02251-SVW<br>8:23-cv-02279-SVW<br>8:23-cv-02252-SVW<br>8:23-cv-02257-SVW<br>**8:23-cv-02260-SVW**<br>8:23-cv-02261-SVW<br><br>BK Case No. 8:21-bk-11558-TA<br>Adv. No. 8:23-ap-01030-TA | Date | May 6, 2024 |
|---|---|---|---|
| Title | *In re: Parks Diversified, L.P.* | | |

Pls.' Compendium of Evidence ("COE") Vol. I, Ex. V at 60–61, ECF No. 44-2 (emphasis added).

Appellants' motion for remand was discussed extensively at a hearing held by the bankruptcy court on September 22, 2023. At that hearing, Appellants argued that Son's authority to initiate the bankruptcy "remains undetermined."[3] EOR, Ex. 38 at 8:17 (Transcript of Proceedings – September 22, 2023), ECF No. 46-5. "[I]f there is a material question as to whether or not a filing in a bankruptcy court was authorized, this Court's duty, not discretion, duty, is to determine out of the gate, it's like a ticket, your Honor, Mr. Klein's authority to file that bankruptcy is like a ticket to get into this Court." *Id.* 12:7–12. Appellants agreed with the Bankruptcy Court's characterization of their argument as stating, in essence, that the Bankruptcy Court "should have solved that threshold question before [it] did anything else." *Id.* 12:15–16. Additionally, Appellants and the bankruptcy court revisited that court's thinking on Appellants' renewed motion to dismiss filed back in the Act I Bankruptcy Action, which the Bankruptcy Court never ruled on.[4] The Bankruptcy Court recalled telling Parks Diversified's counsel during Act I that it saw no

---

[3] Parents further argued that they "have the right to a . . . state court trial on that issue." 8:25–9:1.

[4] The parties seem to agree that a ruling on this motion would have resolved the question of Son's authority to initiate a bankruptcy on behalf of Parks Diversified. ECF No. 59. And yet, Parents agreed to dismiss the case, thus preventing the Bankruptcy Court from providing them with the answer which they claim to have passionately sought.

| | : |
|---|---|
| Initials of Preparer | DTA |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 8:23-cv-02230-SVW<br>Related Cases:<br>8:23-cv-02248-SVW<br>8:23-cv-02250-SVW<br>8:23-cv-02245-SVW<br>8:23-cv-02251-SVW<br>8:23-cv-02279-SVW<br>8:23-cv-02252-SVW<br>8:23-cv-02257-SVW<br>**8:23-cv-02260-SVW**<br>8:23-cv-02261-SVW<br><br>BK Case No. 8:21-bk-11558-TA<br>Adv. No. 8:23-ap-01030-TA | Date | May 6, 2024 |
|---|---|---|---|
| Title | *In re: Parks Diversified, L.P.* | | |

bankruptcy purpose in their petition and was going to dismiss the case unless one was presented to the court. *Id.* 19:1–6. The Bankruptcy Court then offered this recollection of what happened next: "And the next thing that happens is, the parties come to me with a[n] agreed stipulation to dismiss." *Id.* 19:7–8. The bankruptcy court asked Appellants if it was required to rule on his jurisdiction before approving the stipulation, to which Appellants replied, "No. . . . [T]he Court did what the stipulation would have mandated." *Id.* 19:12–13. But because the case was back before the bankruptcy court, "now is the time to make sure we get it right." *Id.* 19:18–19. The Bankruptcy Court offered the following summary:

> So, counsel has made a number of serious charges that I'm making a grave error, particularly on this question of, I can't do anything until I first determine whether in the outset the case was properly filed, which means I have to go back and dig into the whole sad background as to what those partnership agreements mean and what the expulsion letter means, and on and on and on.

> And then I have to determine, apparently after all of that, that, gosh, there really was no authority, and besides which there never was a legitimate bankruptcy purpose, because what this really was was a case to determine in the bankruptcy court partnership governance.

Initials of Preparer                    :
                                         DTA

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 8:23-cv-02230-SVW | Date | May 6, 2024 |
|---|---|---|---|
| | Related Cases: | | |
| | 8:23-cv-02248-SVW | | |
| | 8:23-cv-02250-SVW | | |
| | 8:23-cv-02245-SVW | | |
| | 8:23-cv-02251-SVW | | |
| | 8:23-cv-02279-SVW | | |
| | 8:23-cv-02252-SVW | | |
| | 8:23-cv-02257-SVW | | |
| | **8:23-cv-02260-SVW** | | |
| | 8:23-cv-02261-SVW | | |
| | | | |
| | BK Case No. 8:21-bk-11558-TA | | |
| | Adv. No. 8:23-ap-01030-TA | | |
| Title | *In re: Parks Diversified, L.P.* | | |

*Id.* 24:12–23. After hearing from the various defendants, the Bankruptcy Court adopted its tentative order, preceded by the following comment:

> [Appellants' counsel] has his theory. I respect that he is heartfelt in those, but I just don't agree with him. I don't think a bankruptcy court is disallowed by jurisdictional reasons in a case like this from even considering its own orders. That strikes me as being just wrong at a basic level. But you know what? I've been corrected before, and so it wouldn't be the first time. But I am going to adopt the tentative.

*Id.* 44:13–19.

Having denied Appellants' remand motion, the Bankruptcy Court proceeded to evaluate the claims alleged in the Act II State Court Action. It did so by granting in full various defendants' motions to dismiss without leave to amend. The Bankruptcy Court issued its orders, over Parents' objection, on November 6, 2023. EOR, Ex. 42 (Order Overruling Plaintiffs' Objections to Defendants' Proposed Orders), ECF No. 46-6. In that order, the Bankruptcy Court reiterated that it considered Parents' Act II State Court Action to be a core proceeding. *Id.* at 5. Appellants filed their notice of appeal on November 16, 2023. EOR, Ex. 43 (Notice of Appeal), ECF No. 46-6.

| | : |
|---|---|
| Initials of Preparer | DTA |

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| Case No. | 8:23-cv-02230-SVW | Date | May 6, 2024 |
|---|---|---|---|
| | Related Cases: | | |
| | 8:23-cv-02248-SVW | | |
| | 8:23-cv-02250-SVW | | |
| | 8:23-cv-02245-SVW | | |
| | 8:23-cv-02251-SVW | | |
| | 8:23-cv-02279-SVW | | |
| | 8:23-cv-02252-SVW | | |
| | 8:23-cv-02257-SVW | | |
| | **8:23-cv-02260-SVW** | | |
| | 8:23-cv-02261-SVW | | |
| | | | |
| | BK Case No. 8:21-bk-11558-TA | | |
| | Adv. No. 8:23-ap-01030-TA | | |
| Title | *In re: Parks Diversified, L.P.* | | |

### C.  Act III: The Present Appeal

There is no intermission between Acts II and III. This Court received Appellants' notice of appeal and statement of election on November 29, 2023. ECF No. 1. That notice indicated that Appellants were appealing an order of the Bankruptcy Court entitled "MEMORANDUM OF DECISION OVERRULING PLAINTIFFS' OBJECTIONS TO DEFENDANTS' PROPOSED ORDERS [DOC 303]." Confusingly, that document itself entered various orders lodged in other places on the Bankruptcy Court's docket.

On December 7, 2023, Appellants filed a "STATUS CONFERENCE STATEMENT." ECF No. 9. That statement framed Appellants' appeal as follows:

Appellants have challenged, and continue to challenge, the subject matter jurisdiction assumed by the underlying United States Bankruptcy Court. Appellants have previously submitted at the bankruptcy trial court level, and will continue to respectfully submit in this Court, that overwhelming stare decisis compels the conclusion that the jurisdictional issue should be dealt with at the outset of this Court's disposition of these appellate matters; and

| | : | |
|---|---|---|
| Initials of Preparer | | DTA |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 8:23-cv-02230-SVW<br>Related Cases:<br>8:23-cv-02248-SVW<br>8:23-cv-02250-SVW<br>8:23-cv-02245-SVW<br>8:23-cv-02251-SVW<br>8:23-cv-02279-SVW<br>8:23-cv-02252-SVW<br>8:23-cv-02257-SVW<br>**8:23-cv-02260-SVW**<br>8:23-cv-02261-SVW<br><br>BK Case No. 8:21-bk-11558-TA<br>Adv. No. 8:23-ap-01030-TA | Date | May 6, 2024 |
|---|---|---|---|
| Title | *In re: Parks Diversified, L.P.* | | |

Appellants submit that, while they believe it does not make the most sense to consolidate all of the separately filed appeals into a single matter, there are undoubtedly consolidation alternatives with respect to the several appeals which will likely serve the interests of judicial economy as well as the best interests of the parties to the appeal. Appellants are considering alternatives for consolidation and will submit a proposal to the Court and counsel for Appellees.

Appellants' Status Conference Statement 2, ECF No. 9. Appellants also submitted the following chart:

| Appeal Of | [C.D. Cal. Case Number] | Defendants/Appellees Involved |
|---|---|---|
| Memorandum Of Decision Overruling Plaintiffs' Objections To Defendants' Proposed Orders | 8:23-cv-02230-SVW | All Defendants/Appellees |
| Order Overruling Plaintiffs' Objections To Defendants' Proposed | 8:23-cv-02245-SVW | All Defendants/Appellees |

|  | : |
|---|---|
| Initials of Preparer | DTA |

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| Case No. | 8:23-cv-02230-SVW<br>Related Cases:<br>8:23-cv-02248-SVW<br>8:23-cv-02250-SVW<br>8:23-cv-02245-SVW<br>8:23-cv-02251-SVW<br>8:23-cv-02279-SVW<br>8:23-cv-02252-SVW<br>8:23-cv-02257-SVW<br>**8:23-cv-02260-SVW**<br>8:23-cv-02261-SVW<br><br>BK Case No. 8:21-bk-11558-TA<br>Adv. No. 8:23-ap-01030-TA | | Date | May 6, 2024 |
|---|---|---|---|
| Title | *In re: Parks Diversified, L.P.* | | |

| Orders | | |
|---|---|---|
| Order On Plaintiffs' Core/Noncore Motion | 8:23-cv-02279-SVW | All Defendants/Appellees |
| Order Granting Defendants Marc Forsythe And Goe Forsythe & Hodges, LLP's Motion To Dismiss Pursuant To FRCP 12(B)(6) | 8:23-cv-02246-SVW | Marc Forsythe and Goe Forsythe & Hodges, LLP |
| Order Granting Defendants Marc Forsythe And Goe Forsythe & Hodges, LLP's Special Motion To Strike Pursuant To California Code Of Civil Procedure § 425.16 | 8:23-cv-02248-SVW | Marc Forsythe and Goe Forsythe & Hodges, LLP |
| Amended Order On Defendants | 8:23-cv-02250-SVW | Darrell P. White, William London, Maxx Sharp, And |

Initials of Preparer      :      DTA

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| Case No. | 8:23-cv-02230-SVW<br>Related Cases:<br>8:23-cv-02248-SVW<br>8:23-cv-02250-SVW<br>8:23-cv-02245-SVW<br>8:23-cv-02251-SVW<br>8:23-cv-02279-SVW<br>8:23-cv-02252-SVW<br>8:23-cv-02257-SVW<br>**8:23-cv-02260-SVW**<br>8:23-cv-02261-SVW<br><br>BK Case No. 8:21-bk-11558-TA<br>Adv. No. 8:23-ap-01030-TA | Date | May 6, 2024 |
|---|---|---|---|
| Title | *In re: Parks Diversified, L.P.* | | |

| Darrell P. White, William London, Maxx Sharp, And Kimura London & White LLP's Motion To Dismiss Pursuant To F.R.C.P. 41(B), Or In The Alternative, Special Motion To Strike Second Amended Complaint Pursuant To CCP Section 425.16, Or In The Alternative, Motion To Dismiss Under F.R.C.P. 12(B)(6) | | Kimura London & White LLP |
|---|---|---|
| Order Granting Defendants Michael S. LeBoff And Klein & Wilson's Motion To Dismiss Pursuant To Federal Rules Of Civil Procedure 12(B)(6) | 8:23-cv-02251-SVW | Michael S. LeBoff And Klein & Wilson |

Initials of Preparer                     :
DTA

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| Case No. | 8:23-cv-02230-SVW<br>Related Cases:<br>8:23-cv-02248-SVW<br>8:23-cv-02250-SVW<br>8:23-cv-02245-SVW<br>8:23-cv-02251-SVW<br>8:23-cv-02279-SVW<br>8:23-cv-02252-SVW<br>8:23-cv-02257-SVW<br>**8:23-cv-02260-SVW**<br>8:23-cv-02261-SVW<br><br>BK Case No. 8:21-bk-11558-TA<br>Adv. No. 8:23-ap-01030-TA | Date | May 6, 2024 |
|---|---|---|---|
| Title | *In re: Parks Diversified, L.P.* | | |

| Order Granting Defendants Michael S. LeBoff And Klein & Wilson's Special Motion To Strike (Anti-SLAPP) | 8:23-cv-02252-SVW | Michael S. LeBoff And Klein & Wilson |
|---|---|---|
| Order Granting Defendant David Klein's Motion To Dismiss Pursuant To F.R.B.P. Rule 7012(B) | 8:23-cv-02257-SVW | David Klein |
| Order Granting Defendant David Klein's Special Motion To Strike Pursuant To California Code Of Civil Procedure § 425.16 | 8:23-cv-02260-SVW | David Klein |
| Order Granting Defendant David Klein's Motion To Strike Punitive Damages Pursuant To FRCP Rule 12(F) | 8:23-cv-02261-SVW | David Klein |

|  | : |
|---|---|
| Initials of Preparer | DTA |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 8:23-cv-02230-SVW<br>Related Cases:<br>8:23-cv-02248-SVW<br>8:23-cv-02250-SVW<br>8:23-cv-02245-SVW<br>8:23-cv-02251-SVW<br>8:23-cv-02279-SVW<br>8:23-cv-02252-SVW<br>8:23-cv-02257-SVW<br>**8:23-cv-02260-SVW**<br>8:23-cv-02261-SVW<br><br>BK Case No. 8:21-bk-11558-TA<br>Adv. No. 8:23-ap-01030-TA | Date | May 6, 2024 |
|----------|------|------|------|
| Title | *In re: Parks Diversified, L.P.* | | |

The Court held a status conference with the parties on December 11, 2023. ECF No. 15. At that conference, Appellants indicated that "at the bottom of everything from [Appellants'] perspective is the absence of subject matter jurisdiction in the bankruptcy court." Tr. of Proceedings on 12/11/2023 at 11:17–19, ECF No. 60. Appellants expressed a desire to resolve the subject matter jurisdiction issue first because, if they prevailed on that issue, "everything goes up in a puff of smoke." *Id.* at 28:5–7. And if they lost on that issue, "everything [else] goes forward." *Id.* at 28:3–5. The Court and the parties all agreed that it was in the interest of judicial economy for the Court to first resolve the question of subject matter jurisdiction, and "then if necessary, turn to the other issues." *Id.* at 31:25–32:2.

On January 2, 2024, Appellants filed two largely identical motions to remand the Act II State Court Action to the Superior Court for the State of California. ECF Nos. 16–17. The Court held a hearing on these motions on January 29, 2024. ECF No. 42. At that hearing, the Court characterized these motions as "attempt[s] to preempt the appeal from the bankruptcy court, and, at a minimum, . . . premature." Tr. for Proceedings Held on 1/29/2024, at 4:19–20, ECF No. 40. The Court told the parties that there were to be "[n]o motions at the present time." *Id.* at 6:17–18. Instead, the Court ordered briefing on "[t]he question of trying to reverse the bankruptcy court's finding that it had jurisdiction." *Id.* at 6:22–23.

| | : |
|---|---|
| Initials of Preparer | DTA |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 8:23-cv-02230-SVW<br>Related Cases:<br>8:23-cv-02248-SVW<br>8:23-cv-02250-SVW<br>8:23-cv-02245-SVW<br>8:23-cv-02251-SVW<br>8:23-cv-02279-SVW<br>8:23-cv-02252-SVW<br>8:23-cv-02257-SVW<br>**8:23-cv-02260-SVW**<br>8:23-cv-02261-SVW<br><br>BK Case No. 8:21-bk-11558-TA<br>Adv. No. 8:23-ap-01030-TA | Date | May 6, 2024 |
|---|---|---|---|
| Title | *In re: Parks Diversified, L.P.* | | |

On February 12, 2024, Parents filed a motion for an order determining subject matter jurisdiction. ECF No. 44. While framed as a motion, the Court construes this document as an appellate brief. *See* Fed. R. Bankr. P. 8015; Fed. R. App. P. 28. The matter has now been fully briefed. ECF Nos. 44, 46, 47, 49, 50, 51. The Court held a hearing on the subject matter jurisdiction issue on April 1, 2024. ECF No. 59. At that hearing, the Court took the matter under submission. *Id.* The Court then held a further hearing on April 29, 2024. ECF No. 68.

### III.    Legal Standard

#### A.  District Court Acting as Appellate Body

"While district courts normally do not act as appellate bodies, they may do so in the bankruptcy context." *In re Gugliuzza*, 852 F.3d 884, 889 (9th Cir. 2017). "Congress gave district courts original jurisdiction over bankruptcy proceedings, *see* 28 U.S.C. § 1334, but also authorized them to refer bankruptcy cases to bankruptcy judges in the first instance . . . ." *Id.* "In fact, all districts have adopted 'a general order of reference to send all bankruptcy cases to the bankruptcy judges for the district.'" *Id.*

| | : |
|---|---|
| Initials of Preparer | DTA |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 8:23-cv-02230-SVW<br>Related Cases:<br>8:23-cv-02248-SVW<br>8:23-cv-02250-SVW<br>8:23-cv-02245-SVW<br>8:23-cv-02251-SVW<br>8:23-cv-02279-SVW<br>8:23-cv-02252-SVW<br>8:23-cv-02257-SVW<br>**8:23-cv-02260-SVW**<br>8:23-cv-02261-SVW<br><br>BK Case No. 8:21-bk-11558-TA<br>Adv. No. 8:23-ap-01030-TA | Date | May 6, 2024 |
|---|---|---|---|
| Title | *In re: Parks Diversified, L.P.* | | |

(quoting *Schulman v. Cal. State Water Res. Control Bd. (In re Lazar)*, 200 B.R. 358, 366 (Bankr. C.D. Cal. 1996)). "After making such a reference, district courts may hear appeals 'from final judgments, orders, and decrees . . . of bankruptcy judges entered in cases and proceedings.'" *Id.* (quoting 28 U.S.C. § 158(a). *See also Conn. Nat'l Bank v. Germain*, 503 U.S. 249, 252 (1992) ("Bankruptcy appeals are governed for the most part by [28 U.S.C.] § 158.").

An appellate body will "not ordinarily consider matters on appeal that are not specifically and distinctly argued in appellant's opening brief." *Miller v. Fairchild Indus., Inc.*, 797 F.2d 727, 738 (9th Cir. 1986) (citing *International Union of Bricklayers and Allied Craftsman Local No. 20 v. Martin Jaska, Inc.*, 752 F.2d 1401, 1404 (9th Cir. 1985)). There are "[t]here main exceptions" to this rule. *United States v. Ullah*, 976 F.2d 509, 514 (9th Cir. 1992). First, an issue not present in an opening brief may be reviewed for good cause shown or if failure to do so would result in manifest injustice. *Id.* (citing Fed. R. App. P. 2; *United States v. Loya*, 807 F.2d 1483, 1487 (9th Cir. 1987)). Second, an appellate body has discretion to review an issue not present in an appellant's opening brief if it raised in the appellee's brief. *Id.* (citing *In re Riverside Linden Investment Co.*, 945 F.2d 320, 324 (9th Cir. 1991)). Lastly, an issue unraised in an opening brief may be considered if "the failure to raise the issue properly did not prejudice the defense of the opposing party." *Id.*

| | : |
|---|---|
| Initials of Preparer | DTA |

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES - GENERAL**

| Case No. | 8:23-cv-02230-SVW | Date | May 6, 2024 |
|---|---|---|---|
| | Related Cases: | | |
| | 8:23-cv-02248-SVW | | |
| | 8:23-cv-02250-SVW | | |
| | 8:23-cv-02245-SVW | | |
| | 8:23-cv-02251-SVW | | |
| | 8:23-cv-02279-SVW | | |
| | 8:23-cv-02252-SVW | | |
| | 8:23-cv-02257-SVW | | |
| | **8:23-cv-02260-SVW** | | |
| | 8:23-cv-02261-SVW | | |
| | | | |
| | BK Case No. 8:21-bk-11558-TA | | |
| | Adv. No. 8:23-ap-01030-TA | | |
| Title | *In re: Parks Diversified, L.P.* | | |

**B. Standard of Review**

"Review of the bankruptcy court's finding that it had jurisdiction is de novo." *Battle Ground Plaza, LLC v. Ray (In re Ray)*, 624 F.3d 1124, 1130 (9th Cir. 2010) (quoting *Piombo Corp. v. Castlerock Props. (In re Castlerock Props.)*, 781 F.2d 159, 161 (9th Cir. 1986)). *See also McCowan v. Fraley (In re McCowan)*, 296 B.R. 1, 2 (B.A.P. 9th Cir. 2003) (citing *In re Manning*, 236 B.R. 14, 19 (9th Cir. BAP 1999); *Schoenberg v. Exportadora de Sal, S.A. de C.V.*, 930 F.2d 777, 779 (9th Cir. 1991)) ("Whether a court has subject matter jurisdiction is a question of law that we review de novo." ); *In re Suchy*, 786 F.2d 900, 901 (9th Cir. 1985) (citing *Miller v. City of Los Angeles*, 755 F.2d 1390, 1391 (9th Cir. 1985)) ("We review *de novo* a district court's decision on subject matter jurisdiction.").

**IV. Discussion**

**A. The Bankruptcy Court Had Subject Matter Jurisdiction Over the Act I Bankruptcy Case Regardless of Son's Corporate Authority to Initiate the Bankruptcy**

|  | : |
|---|---|
| Initials of Preparer | DTA |

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| Case No. | 8:23-cv-02230-SVW<br>Related Cases:<br>8:23-cv-02248-SVW<br>8:23-cv-02250-SVW<br>8:23-cv-02245-SVW<br>8:23-cv-02251-SVW<br>8:23-cv-02279-SVW<br>8:23-cv-02252-SVW<br>8:23-cv-02257-SVW<br>**8:23-cv-02260-SVW**<br>8:23-cv-02261-SVW<br><br>BK Case No. 8:21-bk-11558-TA<br>Adv. No. 8:23-ap-01030-TA | Date | May 6, 2024 |
|---|---|---|---|
| Title | *In re: Parks Diversified, L.P.* | | |

A bankruptcy is "a **process** that takes place in federal bankruptcy court." 1 Collier on Bankruptcy ¶ 1.01 (16th ed. Apr. 2024) (emphasis added). In the bankruptcy context, 'case' is a term of art; "[a] bankruptcy 'case' is that civil action brought under title 11 which concerns a particular debtor." *Id. See also id.* ¶ 3.01 ("The 'case' referred to in section 1334(a) is the umbrella under which all of the proceedings that follow the filing of a bankruptcy petition take place."); *Blevins Elec. v. First Am. Nat'l Bank (In re Blevins Elec.)*, 185 B.R. 250, 253 (Bankr. E.D. Tenn. 1995) (citing 5 Collier on Bankruptcy ¶ 1109.02 (15th ed. 1993)) (same). "The filing of a petition for relief, voluntary or involuntary, constitutes commencement of the title 11 case." *Id.* ¶ 3.01. "From that beginning follow all of the civil proceedings, whether called administrative matters, controversies, adversary proceedings, contested matters, suits, actions or disputes, that will occur as the case under the Bankruptcy Code unfolds." *Id.* "The title 11 case ends only when it is closed under section 350(a) of title 11 or dismissed under one of the various Code sections dealing with dismissal." *Id.*

Federal jurisdiction over bankruptcy matters stems from 28 U.S.C. § 1334. Pertinently, that section reads as follows: "Except as provided in subsection (b) of this section, the district courts shall have original and **exclusive jurisdiction of all cases** under title 11." 28 U.S.C. § 1334(a) (emphasis added). § 1334(b) reads as follows: "Except as provided in subsection (e)(2), and notwithstanding any Act of Congress that

| | : |
|---|---|
| Initials of Preparer | DTA |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 8:23-cv-02230-SVW | Date | May 6, 2024 |
|---|---|---|---|
| | Related Cases: | | |
| | 8:23-cv-02248-SVW | | |
| | 8:23-cv-02250-SVW | | |
| | 8:23-cv-02245-SVW | | |
| | 8:23-cv-02251-SVW | | |
| | 8:23-cv-02279-SVW | | |
| | 8:23-cv-02252-SVW | | |
| | 8:23-cv-02257-SVW | | |
| | **8:23-cv-02260-SVW** | | |
| | 8:23-cv-02261-SVW | | |
| | | | |
| | BK Case No. 8:21-bk-11558-TA | | |
| | Adv. No. 8:23-ap-01030-TA | | |
| Title | *In re: Parks Diversified, L.P.* | | |

confers exclusive jurisdiction on a court or courts other than the district courts, the district courts shall have **original but not exclusive jurisdiction of all civil proceedings** arising under title 11, or arising in or related to cases under title 11." 28 U.S.C. § 1334(a) (emphasis added).

"'Cases' under title 11 are to be distinguished from civil proceedings arising under title 11 or civil proceedings related to or arising in title 11 cases." 1 Collier on Bankruptcy ¶ 3.01 (16th ed. Apr. 2024). "'Cases' are the subject of [28 U.S.C.] section 1334(a), while 'civil proceedings' are covered by [28 U.S.C.] section 1334(b)." *Id.* "The introductory phrase of section 1334(a), 'Except as provided in subsection (b) of this section', introduces the concept that the jurisdiction of the district courts over title 11 'cases' is original and exclusive, while the jurisdiction over civil proceedings arising under title 11, or arising in title 11 cases, or related to those cases, is original but not exclusive." *Id.* By assigning exclusive jurisdiction over bankruptcy cases to the federal courts, § 1334(a) clarifies "that no jurisdiction over bankruptcy cases is left to the state courts." *Id.*

"A person filing a voluntary petition for bankruptcy on behalf of a business entity must be duly authorized to do so." *In re Lake Cnty. Grapevine Nursery Operations*, 441 B.R. 653, 654 (Bankr. N.D. Cal. 2010) (citing *Price v. Gurney*, 324 U.S. 100, 106 (1945)). "State law generally determines who has authority to file a bankruptcy petition." *Id.* (citing *Price*, 324 U.S. at 106–07); *see also Sino Clean Energy,*

| | : |
|---|---|
| Initials of Preparer | DTA |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 8:23-cv-02230-SVW<br>Related Cases:<br>8:23-cv-02248-SVW<br>8:23-cv-02250-SVW<br>8:23-cv-02245-SVW<br>8:23-cv-02251-SVW<br>8:23-cv-02279-SVW<br>8:23-cv-02252-SVW<br>8:23-cv-02257-SVW<br>**8:23-cv-02260-SVW**<br>8:23-cv-02261-SVW<br><br>BK Case No. 8:21-bk-11558-TA<br>Adv. No. 8:23-ap-01030-TA | Date | May 6, 2024 |
|---|---|---|---|
| Title | *In re: Parks Diversified, L.P.* | | |

*Inc. v. Seiden (In re Sino Clean Energy, Inc.)*, 901 F.3d 1139, 1141 (9th Cir. 2018) (same); *In re 3P Hightstown, LLC*, 631 B.R. 205, 210 (Bankr. D.N.J. 2021) (citing *Price*, 324 U.S. at 106) ("It is well settled that applicable state law determines whether a bankruptcy proceeding was authorized."). "If the person lacks authority, the court has no alternative but to dismiss the petition." *In re Lake Cnty.*, 441 B.R. at 654 (citing *Price*, 324 U.S. at 106).

Whether or not a party possesses authority under state law to initiate a bankruptcy case is a determination within the exclusive jurisdiction of a bankruptcy court. *Gonzales v. Parks*, 830 F.2d 1033, 1035 (9th Cir. 1987) ("Filings of bankruptcy petitions are a matter of exclusive federal jurisdiction."). *See also In re ComScape Telecomms., Inc.*, 423 B.R. 816, 819 (Bankr. S.D. Ohio 2010) ("The Court has subject-matter jurisdiction over a bankruptcy case even when a part[y] in interest alleges that the petition was unauthorized.") (citing *In re Brandon Farmer's Mkt., Inc.*, 34 B.R. 148, 149 (Bankr. M.D. Fla. 1983)). "State courts are not authorized to determine whether a person's claim for relief under a federal law, in a federal court, and within that court's exclusive jurisdiction, is an appropriate one." *Gonzalez*, 830 F.2d at 1035.

|  | : |
|---|---|
| Initials of Preparer | DTA |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 8:23-cv-02230-SVW<br>Related Cases:<br>8:23-cv-02248-SVW<br>8:23-cv-02250-SVW<br>8:23-cv-02245-SVW<br>8:23-cv-02251-SVW<br>8:23-cv-02279-SVW<br>8:23-cv-02252-SVW<br>8:23-cv-02257-SVW<br>**8:23-cv-02260-SVW**<br>8:23-cv-02261-SVW<br><br>BK Case No. 8:21-bk-11558-TA<br>Adv. No. 8:23-ap-01030-TA | Date | May 6, 2024 |
| --- | --- | --- | --- |
| Title | *In re: Parks Diversified, L.P.* | | |

A jurisdictional attack for lack of subject matter jurisdiction "may be facial or factual." *Safe Air For Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004) (citing *White v. Lee*, 227 F.3d 1214, 1242 (9th Cir. 2000)). "In a facial attack, the challenger asserts that the allegations contained in a complaint are insufficient on their face to invoke federal jurisdiction." *Id.* "By contrast, in a factual attack, the challenger disputes the truth of the allegations that, by themselves, would otherwise invoke federal jurisdiction." *Id.* "In resolving a factual attack on jurisdiction, the district court may review evidence beyond the complaint without converting the motion to dismiss into a motion for summary judgment." *Id.* (citing *Savage v. Glendale Union High Sch.*, 343 F.3d 1036, 1039 n.2 (9th Cir. 2003)).

Appellants argue that the Bankruptcy Court's subject matter jurisdiction over the Act I Bankruptcy Case depended on Son's corporate authority to initiate a bankruptcy on behalf of Parks Diversified. This attack on subject matter jurisdiction is factual in nature. Appellants' theory is that if Son lacked corporate authority to file for bankruptcy, then the Bankruptcy Court lacked subject matter jurisdiction *ab initio*, and any actions undertaken by the Bankruptcy Court during the Act I Bankruptcy Case are invalid.[5] In

---

[5] To be clear, the Bankruptcy Court did very little during the Act I Bankruptcy Case. The case was filed on June 22, 2021. 8:21-bk-11558-TA, ECF No. 1. The case was dismissed by the Bankruptcy Court's order approving the Settlement Agreement on April 18, 2022. 8:21-bk-11558-TA, ECF No. 151. In those intervening ten months, the Bankruptcy Court granted permission to Parks Diversified to employ Goe Forsythe as general counsel and Klein & Wilson as general litigation counsel. 8:21-bk-

|  |  | : |
| --- | --- | --- |
| | Initials of Preparer | DTA |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 8:23-cv-02230-SVW<br>Related Cases:<br>8:23-cv-02248-SVW<br>8:23-cv-02250-SVW<br>8:23-cv-02245-SVW<br>8:23-cv-02251-SVW<br>8:23-cv-02279-SVW<br>8:23-cv-02252-SVW<br>8:23-cv-02257-SVW<br>**8:23-cv-02260-SVW**<br>8:23-cv-02261-SVW<br><br>BK Case No. 8:21-bk-11558-TA<br>Adv. No. 8:23-ap-01030-TA | Date | May 6, 2024 |
|---|---|---|---|
| Title | *In re: Parks Diversified, L.P.* | | |

making this argument, Appellants rely on *Price v. Gurney*, 324 U.S. 100 (1945). In *Price*, the Supreme Court considered the question of whether a corporate shareholder could institute a bankruptcy proceeding for the corporation in which they held a share. The Supreme Court clarified that the filing of a bankruptcy proceeding was not a derivative action which could be initiated by a shareholder. 324 U.S. at 105 ("It is a misnomer to speak of the filing of the petition on behalf of the corporation as a derivative action."). The following language is particularly relevant:

> The District Court in passing on petitions filed by corporations under Chapter X must of course determine whether they are filed by those who have authority so to act. In absence of federal incorporation, that authority finds its source in local law. If the District Court finds that those who purport to act on behalf of the corporation have not been granted authority by local law to institute the proceedings, **it has no alternative but to dismiss the petition**. It is not enough that those who

---

11558-TA, ECF Nos. 49, 76, 85, 91. Parents disputed the validity of Son's corporate authority to initiate a bankruptcy on behalf of Parks Diversified and filed a motion to dismiss. That motion was denied by the Bankruptcy Court and subsequently renewed by Parents. Before the Court could rule on that renewed motion, the parties settled and requested that the bankruptcy case be dismissed via stipulation. **No assets were sold, no final plans were confirmed, etc.** The only actions which Parents could seek to void via their challenge to the Bankruptcy Court's subject matter jurisdiction over the Act I Bankruptcy Case are the appointments of counsel and the order dismissing the case pursuant to the Settlement Agreement.

|  | : |
|---|---|
| Initials of Preparer | DTA |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 8:23-cv-02230-SVW<br>Related Cases:<br>8:23-cv-02248-SVW<br>8:23-cv-02250-SVW<br>8:23-cv-02245-SVW<br>8:23-cv-02251-SVW<br>8:23-cv-02279-SVW<br>8:23-cv-02252-SVW<br>8:23-cv-02257-SVW<br>**8:23-cv-02260-SVW**<br>8:23-cv-02261-SVW<br><br>BK Case No. 8:21-bk-11558-TA<br>Adv. No. 8:23-ap-01030-TA | Date | May 6, 2024 |
|---|---|---|---|
| Title | *In re: Parks Diversified, L.P.* | | |

seek to speak for the corporation may have the right to obtain that authority. The **jurisdiction** which Congress has given the bankruptcy court over the debtor and its property prior to the approval of the petition (*see* § 111, § 112, and § 113) does not extend to this situation. The District Court in the exercise of its diversity jurisdiction would of course have the power to enforce derivative actions, to make faithless directors account, and the like, where local law permits. But under the Bankruptcy Act the power of the court to shift the management of a corporation from one group to another, to settle intracorporate disputes, and to adjust intracorporate claims is strictly limited to those situations where a petition has been approved. . . . [N]owhere is there any indication that Congress bestowed on the bankruptcy court **jurisdiction** to determine that those who in fact do not have the authority to speak for the corporation as a matter of local law are entitled to be given such authority and therefore should be empowered to file a petition on behalf of the corporation. Respondents may have a meritorious case for relief. On that we intimate no opinion. But if they are to be allowed to put their corporation into bankruptcy, they must present credentials to the bankruptcy court showing their authority.

324 U.S. at 106–07 (emphasis added and footnote omitted). While Appellants believe that this language speaks clearly to the question of subject matter jurisdiction, this Court is less convinced. What *Price* states

Initials of Preparer     :     DTA

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 8:23-cv-02230-SVW<br>Related Cases:<br>8:23-cv-02248-SVW<br>8:23-cv-02250-SVW<br>8:23-cv-02245-SVW<br>8:23-cv-02251-SVW<br>8:23-cv-02279-SVW<br>8:23-cv-02252-SVW<br>8:23-cv-02257-SVW<br>**8:23-cv-02260-SVW**<br>8:23-cv-02261-SVW<br><br>BK Case No. 8:21-bk-11558-TA<br>Adv. No. 8:23-ap-01030-TA | Date | May 6, 2024 |
|---|---|---|---|
| Title | *In re: Parks Diversified, L.P.* | | |

unquestionably is that a district court must dismiss a bankruptcy case upon a determination that the individual who initiated the debtor business entity's bankruptcy lacked the authority to do so. Whether that dismissal is rooted in subject matter jurisdiction or something else (i.e., a more merits-based determination) is unclear from *Price*'s language, even though that opinion uses the word 'jurisdiction.'

Some courts have interpreted *Price* in a way that does not preclude Appellants' argument, but does not actively support it either.[6] "[W]here a voluntary petition for bankruptcy is filed [o]n behalf of a corporation, the bankruptcy court **does not acquire jurisdiction** unless those purporting to act for the corporation have authority under local law 'to institute the proceedings.'" *In re Horob Livestock*, No. 06-60149-7, 2007 Bankr. LEXIS 3251, 2007 WL 2783361, at *4–5 (Bankr. D. Mont. Sep. 21, 2007) (emphasis added) (quoting *Hager v. Gibson*, 108 F.3d 35, 39 (4th Cir. 1997)). *See also Wright Flight Aviation, Inc. v. Krasnoff (In re Mach I Aviation, Inc.)*, Nos. CC-10-1520-MkBPa, CC-10-1521-MkBPa, 2011 Bankr. LEXIS 4334, 2011 WL 5838520, at *15 n.11 (B.A.P. 9th Cir. Sep. 15, 2011) (citing *Price*, 324 U.S. at 106) ("Absent a valid, properly-filed bankruptcy petition, **the bankruptcy court would lack jurisdiction** over the matter." (emphasis added)). "The same principles . . . have been applied to limited

---

[6] Not all of these cases are cited by Parents. The Court has conducted its own independent research on this question.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 8:23-cv-02230-SVW<br>Related Cases:<br>8:23-cv-02248-SVW<br>8:23-cv-02250-SVW<br>8:23-cv-02245-SVW<br>8:23-cv-02251-SVW<br>8:23-cv-02279-SVW<br>8:23-cv-02252-SVW<br>8:23-cv-02257-SVW<br>**8:23-cv-02260-SVW**<br>8:23-cv-02261-SVW<br><br>BK Case No. 8:21-bk-11558-TA<br>Adv. No. 8:23-ap-01030-TA | Date | May 6, 2024 |
|---|---|---|---|
| Title | *In re: Parks Diversified, L.P.* | | |

liability companies." *In re Real Homes, LLC*, 352 B.R. 221, 225 (Bankr. D. Idaho 2005) (citing *In re Avalon Hotel Partners, LLC*, 302 B.R. 377 (Bankr. D. Or. 2003)).

But these cases which contain language favorable to Appellants have largely considered the issue only incidentally as they passed it by to evaluate another question. In *In re Horob Livestock*, the bankruptcy court for the District of Montana was considering the question of whether lack of authority to file a bankruptcy proceeding could be cured by subsequent ratification. 2007 Bankr. LEXIS 3251, 2007 WL 2783361, at *7 ("This Court concludes that North Dakota would readily continue to apply the doctrine of ratification."). The quoted language from *In re Mach I Aviation*, itself an unpublished case, is contained in a footnote. 2011 Bankr. LEXIS 4334, 2011 WL 5838520, at *15 n.11. And lastly, *In re Real Homes, LLC*, was a case about determining whether an individual did, in fact, have authority to initiate bankruptcy for a business entity. 352 B.R. 221. None of these cases directly address the question before this Court. Also, the emphasized phrases above speak broadly of jurisdiction; they do not specifically address the question of subject matter jurisdiction.

Appellants' strongest citation is to *In re Mid-South Bus. Assocs.*, LLC, 555 B.R. 565 (Bankr. N.D. Miss. 2016). *In re Mid-South* explicitly adopted the position advanced by Appellants. "[A] bankruptcy

|  | : |  |
|---|---|---|
| Initials of Preparer | | DTA |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 8:23-cv-02230-SVW<br>Related Cases:<br>8:23-cv-02248-SVW<br>8:23-cv-02250-SVW<br>8:23-cv-02245-SVW<br>8:23-cv-02251-SVW<br>8:23-cv-02279-SVW<br>8:23-cv-02252-SVW<br>8:23-cv-02257-SVW<br>**8:23-cv-02260-SVW**<br>8:23-cv-02261-SVW<br><br>BK Case No. 8:21-bk-11558-TA<br>Adv. No. 8:23-ap-01030-TA | Date | May 6, 2024 |
|---|---|---|---|
| Title | *In re: Parks Diversified, L.P.* | | |

petition filed without proper corporate authority must be dismissed independent of any finding of 'cause' under § 1112(b), because if the Debtor did not have sufficient corporate authority for the filing of its petition, then this Court lacks subject matter jurisdiction over the case." 555 B.R. 565, 570 (citing *Price*, 324 U.S. at 106). The bankruptcy court for the Northern District of Mississippi concluded its analysis as follows: "Because Dr. Windham filed the Debtor's bankruptcy petition without sufficient corporate authority under the Operating Agreement and applicable Mississippi law, the Court lacks subject matter jurisdiction over this bankruptcy and has no alternative but to dismiss this case." Unlike the cases cited above, *In re Mid-South* explicitly read *Price* to prescribe a rule that governs the subject matter jurisdiction of bankruptcy courts.

Though not cited by the parties, the Court finds *J.D. Holdings, LLC v. John Q. Hammons Fall 2006, LLC (In re John Q. Hammons Fall 2006, LLC)*, No. KS-16-037, 2017 Bankr. LEXIS 4426, 2017 WL 6616890 (B.A.P. 10th Cir. Dec. 28, 2017), to be persuasive. Like the Court here, the *J.D. Holdings* court was tasked with resolving an appeal in an unusual posture: "This appeal marks the first time in over seventeen years on the bankruptcy appellate panel that this judge has been asked to decide an issue pending—but not decided by the trial judge—when this appeal was taken; namely, whether the Chapter 11 cases that spawned this appeal should be dismissed." *Id.* at *4. In essence, Appellants here seek the

| | : |
|---|---|
| Initials of Preparer | DTA |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 8:23-cv-02230-SVW<br>Related Cases:<br>8:23-cv-02248-SVW<br>8:23-cv-02250-SVW<br>8:23-cv-02245-SVW<br>8:23-cv-02251-SVW<br>8:23-cv-02279-SVW<br>8:23-cv-02252-SVW<br>8:23-cv-02257-SVW<br>**8:23-cv-02260-SVW**<br>8:23-cv-02261-SVW<br><br>BK Case No. 8:21-bk-11558-TA<br>Adv. No. 8:23-ap-01030-TA | Date | May 6, 2024 |
|---|---|---|---|
| Title | *In re: Parks Diversified, L.P.* | | |

same thing. They want this Court, acting in its appellate capacity, to determine that the bankruptcy court lacked subject matter jurisdiction because Son lacked the legal authority to initiate the bankruptcy of Parks Diversified, despite and because the bankruptcy court never resolved the question of Son's legal authority to initiate the bankruptcy. The Court will quote extensively from *J.D. Holdings*:

> JD Holdings argues the Trust lacked the authority to file bankruptcy for the Affiliates under state law. JD Holdings further contends a bankruptcy court does not have subject matter jurisdiction over a case filed on behalf of an entity without authority. In granting the Rejection Motion, the bankruptcy court did not explicitly address whether the Affiliates were authorized to file bankruptcy. The bankruptcy court, however, noted generally "[i]f the Court felt it did not have subject matter jurisdiction, it would not proceed[.]"

> JD Holdings relies on the Supreme Court's opinion in *Price v. Gurney*. JD Holdings argues *Price* provides an independent basis for dismissal based on lack of jurisdiction when an entity's bankruptcy is filed without proper authority.

|  | : |
|---|---|
| Initials of Preparer | DTA |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 8:23-cv-02230-SVW<br>Related Cases:<br>8:23-cv-02248-SVW<br>8:23-cv-02250-SVW<br>8:23-cv-02245-SVW<br>8:23-cv-02251-SVW<br>8:23-cv-02279-SVW<br>8:23-cv-02252-SVW<br>8:23-cv-02257-SVW<br>**8:23-cv-02260-SVW**<br>8:23-cv-02261-SVW<br><br>BK Case No. 8:21-bk-11558-TA<br>Adv. No. 8:23-ap-01030-TA | Date | May 6, 2024 |
|---|---|---|---|
| Title | *In re: Parks Diversified, L.P.* | | |

*Id.* at *13–14. This argument is precisely the same as the argument advanced by Appellants in this appeal. And the Tenth Circuit Bankruptcy Appellate Panel was not persuaded by it. They characterized *Price* as standing for the more limited proposition that "a case filed without the proper corporate authority must be dismissed." *Id.* at *16. The Court agrees with this narrower reading of *Price*. The Tenth Circuit Bankruptcy Appellate Panel went on to note that *Price* does not "address the issue before this Court: whether the bankruptcy court has jurisdiction to consider other matters before resolving whether a debtor is properly in bankruptcy." *Id.*

The Tenth Circuit Bankruptcy Appellate Panel found the Supreme Court's unanimous opinion in *Arbaugh v. Y&H Corp.*, 546 U.S. 500 (2006), to support its narrower reading of *Price*. 2017 Bankr. LEXIS 4426, 2017 WL 6616890, *17–18. In *Arbaugh*, the Supreme Court had to decide whether Title VII's requirement that a covered employer possess 15 or more employees was a requirement for subject matter jurisdiction or an ingredient of the plaintiff's claim for relief. In making its determination, the Supreme Court offered the following observation:

On the subject-matter jurisdiction/ingredient-of-claim-for-relief dichotomy, this Court and others have been less than meticulous. Subject matter jurisdiction in federal-question cases is sometimes

| | : |
|---|---|
| Initials of Preparer | DTA |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 8:23-cv-02230-SVW<br>Related Cases:<br>8:23-cv-02248-SVW<br>8:23-cv-02250-SVW<br>8:23-cv-02245-SVW<br>8:23-cv-02251-SVW<br>8:23-cv-02279-SVW<br>8:23-cv-02252-SVW<br>8:23-cv-02257-SVW<br>**8:23-cv-02260-SVW**<br>8:23-cv-02261-SVW<br><br>BK Case No. 8:21-bk-11558-TA<br>Adv. No. 8:23-ap-01030-TA | Date | May 6, 2024 |
|---|---|---|---|
| Title | *In re: Parks Diversified, L.P.* | | |

erroneously conflated with a plaintiff's need and ability to prove the defendant bound by the federal law asserted as the predicate for relief -- a merits-related determination. Judicial opinions, the Second Circuit incisively observed, "often obscure the issue by stating that the court is dismissing 'for lack of jurisdiction' when some threshold fact has not been established, without explicitly considering whether the dismissal should be for lack of subject matter jurisdiction or for failure to state a claim." We have described such unrefined dispositions as "drive-by jurisdictional rulings" that should be accorded "no precedential effect" on the question whether the federal court had authority to adjudicate the claim in suit.

546 U.S. at 511 (citations and some internal quotations omitted). With the exception of *In re Mid-South*, most of the cases discussed above have described authority to initiate a bankruptcy as jurisdictional in the 'drive-by' capacity frowned upon by the Supreme Court in *Arbaugh*. Moreover, most of these cases are not binding precedent on this court. For these reasons, the Court does not follow them. *Price*, on the other hand, is a binding opinion of the Supreme Court. But the Court does not read *Price* to stand for the proposition Appellants believe it does. Even if the Court did read *Price* to support Appellants' position, *Arbaugh* clearly commands that cases that deal with questions of 'jurisdiction' so imprecisely are to be

|  | : |
|---|---|
| Initials of Preparer | DTA |

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| Case No. | 8:23-cv-02230-SVW<br>Related Cases:<br>8:23-cv-02248-SVW<br>8:23-cv-02250-SVW<br>8:23-cv-02245-SVW<br>8:23-cv-02251-SVW<br>8:23-cv-02279-SVW<br>8:23-cv-02252-SVW<br>8:23-cv-02257-SVW<br>**8:23-cv-02260-SVW**<br>8:23-cv-02261-SVW<br><br>BK Case No. 8:21-bk-11558-TA<br>Adv. No. 8:23-ap-01030-TA | Date | May 6, 2024 |
|---|---|---|---|
| Title | *In re: Parks Diversified, L.P.* | | |

accorded no precedential effect. 546 U.S. 500, 511 (2006) (quoting *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 91 (1998).

Next, the Tenth Circuit Bankruptcy Appellate Panel in *J.D. Holdings* considered the Supreme Court's decision in *Henderson ex rel. Henderson v. Shinseki*, 562 U.S. 428 (2011), and found it to further support the conclusion that authority to initiate a bankruptcy is not a question of subject matter jurisdiction. 2017 Bankr. LEXIS 4426, 2017 WL 6616890, *18–19. In *Henderson*, the Supreme Court explained the way in which *Arbaugh* is applied: "we look to see if there is any 'clear' indication that Congress wanted the rule to be 'jurisdictional.'" 562 U.S. at 436 (quoting *Arbaugh*, 546 U.S. at 515–16). Applying *Henderson*, the Tenth Circuit Bankruptcy Appellate Panel concluded as follows:

> The bankruptcy court had subject-matter jurisdiction over the Affiliates regardless of whether the Affiliates' petitions were filed with the proper authority. JD Holdings cites no authority indicating that Congress mandated the authority-to-file limitation to be jurisdictional. Further, the Tenth Circuit has not explicitly addressed the issue of whether the authority-to-file limitation is jurisdictional. *Arbaugh* is applicable and controlling. We find no error in the bankruptcy court's conclusion that it had jurisdiction to consider the Rejection Motion.

|  | : |
|---|---|
| Initials of Preparer | DTA |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 8:23-cv-02230-SVW<br>Related Cases:<br>8:23-cv-02248-SVW<br>8:23-cv-02250-SVW<br>8:23-cv-02245-SVW<br>8:23-cv-02251-SVW<br>8:23-cv-02279-SVW<br>8:23-cv-02252-SVW<br>8:23-cv-02257-SVW<br>**8:23-cv-02260-SVW**<br>8:23-cv-02261-SVW<br><br>BK Case No. 8:21-bk-11558-TA<br>Adv. No. 8:23-ap-01030-TA | Date | May 6, 2024 |
|---|---|---|---|
| Title | *In re: Parks Diversified, L.P.* | | |

2017 Bankr. LEXIS 4426, 2017 WL 6616890, *19–20. The Court has found no guidance from the Ninth Circuit to the contrary, nor has it been pointed to any by the parties. Though not bound to do so, the Court finds the reasoning in *J.D. Holdings* persuasive and adopts that reasoning as it applies here. The question of whether Son had authority to initiate the bankruptcy proceeding for Parks Diversified is not a question of subject matter jurisdiction.

Appellants' reply brief invokes both *Arbaugh* and a subsequent case, *Reed Elsevier, Inc. v. Muchnick*, 599 U.S. 154 (2010). But *Reed* only furthers the analysis above, i.e., that corporate authority to initiate a bankruptcy is not a question of subject matter jurisdiction. In *Reed*, the Supreme Court considered whether the preregistration requirement to bring a copyright claim, articulated in 17 U.S.C. § 411(a), was a requirement which must be satisfied for a federal court to have subject matter jurisdiction. The relevant statutory text is as follows:

> Except for an action brought for a violation of the rights of the author under section 106A(a), and subject to the provisions of subsection (b), no civil action for infringement of the copyright in any United States work shall be instituted until preregistration or registration of the copyright claim

| | : | |
|---|---|---|
| Initials of Preparer | | DTA |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 8:23-cv-02230-SVW<br>Related Cases:<br>8:23-cv-02248-SVW<br>8:23-cv-02250-SVW<br>8:23-cv-02245-SVW<br>8:23-cv-02251-SVW<br>8:23-cv-02279-SVW<br>8:23-cv-02252-SVW<br>8:23-cv-02257-SVW<br>**8:23-cv-02260-SVW**<br>8:23-cv-02261-SVW<br><br>BK Case No. 8:21-bk-11558-TA<br>Adv. No. 8:23-ap-01030-TA | Date | May 6, 2024 |
|---|---|---|---|
| Title | *In re: Parks Diversified, L.P.* | | |

has been made in accordance with this title. In any case, however, where the deposit, application, and fee required for registration have been delivered to the Copyright Office in proper form and registration has been refused, the applicant is entitled to institute a civil action for infringement if notice thereof, with a copy of the complaint, is served on the Register of Copyrights. The Register may, at his or her option, become a party to the action with respect to the issue of registrability of the copyright claim by entering an appearance within sixty days after such service, but the Register's failure to become a party shall not deprive the court of **jurisdiction** to determine that issue.

*Id.* at 163 (emphasis added) (quoting § 411(a)). The best argument in favor of considering preregistration to be a requirement for subject matter jurisdiction was the use of the word 'jurisdiction' in the last sentence of § 411(a). But after repeating *Arbaugh*'s warning about jurisdictional 'drive-bys,' the Supreme Court concluded that preregistration was not a prerequisite to valid subject matter jurisdiction:

Section 411(a) imposes a precondition to filing a claim that is not clearly labeled jurisdictional, is not located in a jurisdiction-granting provision, and admits of congressionally authorized

| | : |
|---|---|
| Initials of Preparer | DTA |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 8:23-cv-02230-SVW<br>Related Cases:<br>8:23-cv-02248-SVW<br>8:23-cv-02250-SVW<br>8:23-cv-02245-SVW<br>8:23-cv-02251-SVW<br>8:23-cv-02279-SVW<br>8:23-cv-02252-SVW<br>8:23-cv-02257-SVW<br>**8:23-cv-02260-SVW**<br>8:23-cv-02261-SVW<br><br>BK Case No. 8:21-bk-11558-TA<br>Adv. No. 8:23-ap-01030-TA | Date | May 6, 2024 |
|---|---|---|---|
| Title | *In re: Parks Diversified, L.P.* | | |

exceptions. Section 411(a) thus imposes a type of **precondition to suit that supports nonjurisdictional treatment** under our precedents.

*Id.* at 166 (emphasis added and citation omitted). *Reed* clarifies, *inter alia*, that preconditions to suit are not always questions of subject matter jurisdiction. It also reiterates the Supreme Court's warning from *Arbaugh* that not all uses of the word 'jurisdiction' truly refer to subject matter jurisdiction.

This Court reasons that the subject matter jurisdiction of the Bankruptcy Court is akin to federal question jurisdiction. Consider a complaint filed in federal court, alleging a single cause of action rooted in federal law. Without controversy, the district court has federal question jurisdiction to hear that case because it pleads a federal cause of action. If required elements of that claim are unfulfilled, then the district court must dismiss the case because it is based on a defective claim, not because it lacks subject matter jurisdiction to hear the claim in question. A bankruptcy is similar because bankruptcies are federal creatures. Filing a bankruptcy petition confers subject matter jurisdiction on the bankruptcy court. If that filing later turns out to be fraudulent, performed without authorization, etc., then the bankruptcy court must dismiss the case as required by *Price*. However, a determination that a bankruptcy was filed without corporate authority merely means that the bankruptcy itself is defective and must be dismissed; it does not

|  |  | : |  |
|---|---|---|---|
| Initials of Preparer | | DTA | |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 8:23-cv-02230-SVW<br>Related Cases:<br>8:23-cv-02248-SVW<br>8:23-cv-02250-SVW<br>8:23-cv-02245-SVW<br>8:23-cv-02251-SVW<br>8:23-cv-02279-SVW<br>8:23-cv-02252-SVW<br>8:23-cv-02257-SVW<br>**8:23-cv-02260-SVW**<br>8:23-cv-02261-SVW<br><br>BK Case No. 8:21-bk-11558-TA<br>Adv. No. 8:23-ap-01030-TA | Date | May 6, 2024 |
|---|---|---|---|
| Title | *In re: Parks Diversified, L.P.* | | |

mean that the bankruptcy court overseeing the bankruptcy lacked subject matter jurisdiction. *See Ullrich v. Welt (In re Nica Holdings, Inc.)*, 810 F.3d 781, 789 (11th Cir. 2015) ("Indeed, bankruptcy courts have consistently ruled on authority-to-file questions after implicitly assuming jurisdiction pursuant to 28 U.S.C. § 1334.").

As applied here, the filing of a bankruptcy petition conferred subject matter jurisdiction on the Bankruptcy Court. Son's corporate authority to initiate the bankruptcy of Parks Diversified was a precondition to him filing that petition. If the Bankruptcy Court established that Son did not have corporate authority to initiate that bankruptcy after he did so, Son's failure to satisfy that precondition would not strip the Bankruptcy Court of its subject matter jurisdiction. Instead, it would simply compel the Bankruptcy Court to follow *Price* and dismiss the bankruptcy case.

Because the Bankruptcy Court possessed subject matter jurisdiction over the Act I Bankruptcy Case, it possessed subject matter jurisdiction to enter the dismissal order which gave effect to the Settlement Agreement. Once it did so, there was no longer an active bankruptcy case.

| | : | |
|---|---|---|
| Initials of Preparer | | DTA |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 8:23-cv-02230-SVW<br>Related Cases:<br>8:23-cv-02248-SVW<br>8:23-cv-02250-SVW<br>8:23-cv-02245-SVW<br>8:23-cv-02251-SVW<br>8:23-cv-02279-SVW<br>8:23-cv-02252-SVW<br>8:23-cv-02257-SVW<br>**8:23-cv-02260-SVW**<br>8:23-cv-02261-SVW<br><br>BK Case No. 8:21-bk-11558-TA<br>Adv. No. 8:23-ap-01030-TA | Date | May 6, 2024 |
|---|---|---|---|
| Title | *In re: Parks Diversified, L.P.* | | |

>    **B.  The Bankruptcy Court Mistakenly Determined That It Had Subject Matter
>    Jurisdiction Over the Act II State Court Action Because That Action Was a Core
>    Proceeding; The Bankruptcy Court Only Possessed Ancillary Jurisdiction to
>    Enforce Its Previous Order**

Having determined that the Bankruptcy Court possessed subject matter jurisdiction over the Act I Bankruptcy Case, a question remains: without an active bankruptcy case, what subject matter jurisdiction could justify the Bankruptcy Court's retention of the Act II State Court Action after its removal?

The Bankruptcy Court found that it had subject matter jurisdiction because it considered the Act II State Court Action to be a core bankruptcy proceeding. This finding was erroneous. The Act II State Court Action was not a case arising under title 11 or arising in or related to cases under title 11. *See* 28 U.S.C. § 1334(b) (granting statutory subject matter jurisdiction to bankruptcy courts). *See also* 28 U.S.C. § 157(b)(2) (defining core proceedings). Accordingly, the Bankruptcy Court could not derive subject matter jurisdiction over the proceeding via that statute.

But there is another source of subject matter jurisdiction which the Bankruptcy Court possessed, which preserves some, but not all, of its actions. That source is ancillary jurisdiction, which was considered

|  | : |  |
|---|---|---|
| Initials of Preparer | | DTA |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 8:23-cv-02230-SVW<br>Related Cases:<br>8:23-cv-02248-SVW<br>8:23-cv-02250-SVW<br>8:23-cv-02245-SVW<br>8:23-cv-02251-SVW<br>8:23-cv-02279-SVW<br>8:23-cv-02252-SVW<br>8:23-cv-02257-SVW<br>**8:23-cv-02260-SVW**<br>8:23-cv-02261-SVW<br><br>BK Case No. 8:21-bk-11558-TA<br>Adv. No. 8:23-ap-01030-TA | Date | May 6, 2024 |
|---|---|---|---|
| Title | *In re: Parks Diversified, L.P.* | | |

but not heavily relied upon by the Bankruptcy Court. The Bankruptcy Court possessed ancillary jurisdiction to enforce its dismissal order, which adopted the terms of the parties' Settlement Agreement and thereby barred suits by Parents against Goe Forsythe and Klein & Wilson. The Act II State Court Action brought suit against those entities, and in doing so undermined the Bankruptcy Court's dismissal order. For that reason, the Bankruptcy Court possessed ancillary jurisdiction to dismiss those claims and to vindicate its dismissal order. But this form of jurisdiction is not broad enough to uphold all of the Bankruptcy Court's dismissals of claims in the Act II State Court Action; many claims alleged in the Act II State Court Action were not waived by Parents in the Settlement Agreement, and those claims posed no challenge to the Bankruptcy Court's dismissal order.

These points are explained in greater detail below.

### i. The Bankruptcy Court Erred in Finding the Act II State Court Action to be a Core Proceeding

Explaining its decision to not remand the Act II State Court Action to state court, the Bankruptcy Court said that "this case has got bankruptcy issues written all over it, so I think that the removal is appropriate." EOR, Ex. 24 (Transcript of Proceedings – June 8, 2023) at 45:24–25, ECF No. 46-4. The

| | : |
|---|---|
| Initials of Preparer | DTA |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| Case No. | 8:23-cv-02230-SVW<br>Related Cases:<br>8:23-cv-02248-SVW<br>8:23-cv-02250-SVW<br>8:23-cv-02245-SVW<br>8:23-cv-02251-SVW<br>8:23-cv-02279-SVW<br>8:23-cv-02252-SVW<br>8:23-cv-02257-SVW<br>**8:23-cv-02260-SVW**<br>8:23-cv-02261-SVW<br><br>BK Case No. 8:21-bk-11558-TA<br>Adv. No. 8:23-ap-01030-TA | Date | May 6, 2024 |
|---|---|---|
| Title | *In re: Parks Diversified, L.P.* | | |

Bankruptcy Court found that the Action "contemplates a 'core proceeding' under 28 U.S.C. § 157(b)(1)." Specifically, "[t]he 'core proceeding' is whether Mr. David Klein had authority to file chapter 11 bankruptcy on behalf of Parks Diversified." COE Vol. I, Ex. V (Sept. 14, 2023, Bankruptcy Court Tentative Ruling on Mot. to Remand) at 60, ECF No. 44-2. Additionally, the Bankruptcy Court noted that many of the claims in the Act II State Court Action involved suits against counsel appointed by the Bankruptcy Court, thus implicating the *Barton* doctrine and bringing the case within the ambit of its subject matter jurisdiction. *Id.* at 60–61. This reasoning was reiterated throughout Act II. *See e.g.*, EOR, Ex. 41 (Mem. of Decision Overruling Pls.' Objs. to Defs.' Proposed Orders) at 5, ECF No. 46-6.

This Court does not agree that the Act II State Court Action constituted a core proceeding for two reasons.

First, when the Act II State Court Action was filed, there was no live bankruptcy. The Act I Bankruptcy Case had been dismissed approximately one year before. The Act I parties had settled and dismissed the case before the Bankruptcy Court had done much in the case; prior to ordering the case's dismissal, all the Bankruptcy Court had done was consider a motion to dismiss and appoint counsel. If there were an active bankruptcy, Son's corporate authority to file for bankruptcy would certainly be a core

|  | : |  |
|---|---|---|
| Initials of Preparer |  | DTA |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 8:23-cv-02230-SVW<br>Related Cases:<br>8:23-cv-02248-SVW<br>8:23-cv-02250-SVW<br>8:23-cv-02245-SVW<br>8:23-cv-02251-SVW<br>8:23-cv-02279-SVW<br>8:23-cv-02252-SVW<br>8:23-cv-02257-SVW<br>**8:23-cv-02260-SVW**<br>8:23-cv-02261-SVW<br><br>BK Case No. 8:21-bk-11558-TA<br>Adv. No. 8:23-ap-01030-TA | Date | May 6, 2024 |
|---|---|---|---|
| Title | *In re: Parks Diversified, L.P.* | | |

proceeding. *See In re Korean W. Presbyterian Church of L.A.*, 618 B.R. 282, 291 (Bankr. C.D. Cal. 2020) ("Matters concerning who has authority to file a bankruptcy petition, make decisions for a debtor in possession, and control its property is a 'core' proceeding . . . .") (citing 28 U.S.C. § 157(b)(2)(A), (O); *In re Fisher Island Invs., Inc.*, 778 F.3d 1172 (11th Cir. 2015)). But there was no active bankruptcy at the time of removal. And, crucially, the Bankruptcy Court dismissed every single claim in the Act II State Court Action **without ever determining whether Son had corporate authority to put Parks Diversified into bankruptcy**, thus demonstrating that this question was not an underlying threshold matter.

Second, the claims alleged in the Act II State Court Action were not inextricably intertwined with Son's corporate authority to put Parks Diversified into bankruptcy. The original complaint in the Act II State Court Action exceeds 600 paragraphs and spans 63 pages. In that logorrhea, Appellants claim that there are "approximately 183 claims."[7] Appellants' Mot. on Subject Matter Jurisdiction 16, ECF No. 44. Broadly, these are the various theories:

---

[7] The Court will have to take their word for it. The Act II State Court Action powerfully demonstrates the necessity of Rule 8(a)'s "short and plain" language. Fed. R. Civ. P. 8(a).

| | : |
|---|---|
| Initials of Preparer | DTA |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 8:23-cv-02230-SVW<br>Related Cases:<br>8:23-cv-02248-SVW<br>8:23-cv-02250-SVW<br>8:23-cv-02245-SVW<br>8:23-cv-02251-SVW<br>8:23-cv-02279-SVW<br>8:23-cv-02252-SVW<br>8:23-cv-02257-SVW<br>**8:23-cv-02260-SVW**<br>8:23-cv-02261-SVW<br><br>BK Case No. 8:21-bk-11558-TA<br>Adv. No. 8:23-ap-01030-TA | Date | May 6, 2024 |
|---|---|---|---|
| Title | *In re: Parks Diversified, L.P.* | | |

- Declaratory Relief
  - "[Parents], individually and collectively, seek a judgment from this Court declaring the respective relations between them and [Son] as alleged above," i.e., Parents are general partners and Son is not a general partner and was expelled from the partnership. EOR, Ex. 15 (Notice of Removal of Civil Action from State Court (including Verified State Court Complaint)), Compl. ¶ 438–41, ECF No. 46-3.
  - Parents seek an accounting of how Son used "total seed capital" funds he received form parents, which may show that Son breached an agreement which entitles Parents to restitution. *Id.* ¶ 442–48.
  - Parents seek declaratory relief that Son never had corporate authority to hire attorney Linda Wong. *Id.* ¶ 449–69.
  - Parents seek declaratory relief that Son never had corporate authority to hire Kimura London & White LLP. *Id.* ¶ 470–90.
- Breach of Fiduciary Duty
  - Parents allege that Son misappropriated "total seed capital" in 2016. *Id.* ¶ 484–87.
  - Parents allege that the court-appointed bankruptcy counsel breached their fiduciary duty to Parks Diversified. *Id.* ¶ 488–508.

| | : |
|---|---|
| Initials of Preparer | DTA |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 8:23-cv-02230-SVW<br>Related Cases:<br>8:23-cv-02248-SVW<br>8:23-cv-02250-SVW<br>8:23-cv-02245-SVW<br>8:23-cv-02251-SVW<br>8:23-cv-02279-SVW<br>8:23-cv-02252-SVW<br>8:23-cv-02257-SVW<br>**8:23-cv-02260-SVW**<br>8:23-cv-02261-SVW<br><br>BK Case No. 8:21-bk-11558-TA<br>Adv. No. 8:23-ap-01030-TA | Date | May 6, 2024 |
|---|---|---|---|
| Title | *In re: Parks Diversified, L.P.* | | |

- o Parents allege that Wong breached her duty to undertake due diligence before agreeing to represent the entity North Valley Regional Center, LLC.[8] *Id.* ¶ 509–17.
- o Parents allege that Kimura London & White LLP breached its duty to undertake due diligence before agreeing to represent Parks Diversified. *Id.* ¶ 519–27.
- o Parents allege that Todd B. Becker and the entity Becker Law Group breached their duty to undertake due diligence before agreeing to represent North Valley Regional Center, LLC. *Id.* ¶ 528–571.
- Legal Malpractice
  - o Parents allege that court-appointed counsel engaged in legal malpractice by representing Parks Diversified without the legal authority to do so. *Id.* ¶ 573–74.
  - o Parents allege that Wong, Kimura London & White LLP, and Todd B. Becker and the entity Becker Law Group engaged in legal malpractice through their unauthorized representation of various corporate entities. *Id.* ¶ 575–77.
- Breach of Contract

---

[8] The relationships between the numerous corporate entities mentioned in the Act II State Court Complaint are nigh unintelligible.

Initials of Preparer      DTA

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| Case No. | 8:23-cv-02230-SVW | Date | May 6, 2024 |
|---|---|---|---|
| | Related Cases: | | |
| | 8:23-cv-02248-SVW | | |
| | 8:23-cv-02250-SVW | | |
| | 8:23-cv-02245-SVW | | |
| | 8:23-cv-02251-SVW | | |
| | 8:23-cv-02279-SVW | | |
| | 8:23-cv-02252-SVW | | |
| | 8:23-cv-02257-SVW | | |
| | **8:23-cv-02260-SVW** | | |
| | 8:23-cv-02261-SVW | | |
| | | | |
| | BK Case No. 8:21-bk-11558-TA | | |
| | Adv. No. 8:23-ap-01030-TA | | |
| Title | *In re: Parks Diversified, L.P.* | | |

- o Parents allege that Son breached the Parks Diversified partnership agreement by failing to act in good faith, failing to engage in fair dealing, or alternatively, failing to perform the material duties of a general partner (but only if he was, in fact, a general partner). *Id.* ¶ 579–81. They allege the same with regards to North Valley Regional Center, LLC. *Id.* ¶ 582–83.
- Conversion
  - o Parents allege that David and his various attorneys converted legal documents which rightfully belonged to Parks Diversified in North Valley Regional Center, LLC. *Id.* ¶ 584–95.

The claims in the Act II State Court Action raised various questions about Son's corporate authority to hire counsel, questions about the ownership of various corporate entities, and questions about legal malpractice. These claims were not core bankruptcy proceedings as defined in 28 U.S.C. § 157(b)(2). They could have been resolved by the state court. Tangentially, these claims may have touched on Son's authority to put Parks Diversified into bankruptcy. But as discussed above, the proceedings were capable

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 8:23-cv-02230-SVW<br>Related Cases:<br>8:23-cv-02248-SVW<br>8:23-cv-02250-SVW<br>8:23-cv-02245-SVW<br>8:23-cv-02251-SVW<br>8:23-cv-02279-SVW<br>8:23-cv-02252-SVW<br>8:23-cv-02257-SVW<br>**8:23-cv-02260-SVW**<br>8:23-cv-02261-SVW<br><br>BK Case No. 8:21-bk-11558-TA<br>Adv. No. 8:23-ap-01030-TA | Date | May 6, 2024 |
|---|---|---|---|
| Title | *In re: Parks Diversified, L.P.* | | |

of resolution without an answer to that question. Lastly, the state court was even capable of resolving the claims against those attorneys appointed by the Bankruptcy Court during the Act I Bankruptcy Case.[9]

It could be argued that the Act II State Court Action was a 'related to' proceeding, over which the Bankruptcy Court would have had jurisdiction to submit proposed findings of fact and law to the district court. No one has made that argument to this Court, and the Bankruptcy Court clearly did not think this to be the case. This Court does not believe the Act II State Court Action to be a 'related to' proceeding for the simple fact that **there was no bankruptcy** at any point during the Action's life.

### ii. The Bankruptcy Court Possessed Narrow Ancillary Jurisdiction to Enforce Its Prior Order

---

[9] Goe Forsythe and Klein & Wilson could easily have raised the *Barton* doctrine issue in that court. *See Beck v. Fort James Corp. (In re Crown Vantage, Inc.)*, 421 F.3d 963, 971 (9th Cir. 2005) (explaining that the Supreme Court in *Barton* held that "if leave of court were not obtained [to sue court-appointed counsel], then the other forum lacked subject matter jurisdiction over the suit"). Additionally, the fact that this doctrine would have stripped the state court of jurisdiction to hear these claims does not mean that it creates subject matter jurisdiction for the Bankruptcy Court. Subject matter jurisdiction cannot be created in one court by inverting a doctrine meant to strip it away from another court. Even if it somehow could, this doctrine would in no way apply to claims against parties who were not appointed by the Bankruptcy Court.

| | : |
|---|---|
| Initials of Preparer | DTA |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 8:23-cv-02230-SVW<br>Related Cases:<br>8:23-cv-02248-SVW<br>8:23-cv-02250-SVW<br>8:23-cv-02245-SVW<br>8:23-cv-02251-SVW<br>8:23-cv-02279-SVW<br>8:23-cv-02252-SVW<br>8:23-cv-02257-SVW<br>**8:23-cv-02260-SVW**<br>8:23-cv-02261-SVW<br><br>BK Case No. 8:21-bk-11558-TA<br>Adv. No. 8:23-ap-01030-TA | Date | May 6, 2024 |
|---|---|---|---|
| Title | *In re: Parks Diversified, L.P.* | | |

"Federal courts are courts of limited subject matter jurisdiction." *Kelly v. Wengler*, 822 F.3d 1085, 1094 (9th Cir. 2016). "When a district court dismisses an action with prejudice pursuant to a settlement agreement, federal jurisdiction usually ends." *Id.* (citing *O'Connor v. Colvin*, 70 F.3d 530, 532 (9th Cir. 1995)). "Ordinarily, a dispute arising under a settlement agreement is 'a separate contract dispute requiring its own independent basis for jurisdiction.'" *Id.* (citing *O'Connor*, 70 F.3d at 532). "However, federal district courts have ancillary jurisdiction over certain matters 'otherwise beyond their competence' that are 'incidental to other matters properly before them.'" *Id.* (quoting *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 378 (1994)). "A federal court has jurisdiction to 'manage its proceedings, vindicate its authority, and effectuate its decrees.'" *Id.* (quoting *Kokkonen*, 511 U.S. at 380). *See also Sea Hawk Seafoods, Inc. v. Alaska (In re Valdez Fisheries Dev. Ass'n)*, 439 F.3d 545, 549 (9th Cir. 2006) (citing *Kokkonen*, 511 U.S. at 379–80) ("Ancillary jurisdiction may rest on one of two bases: (1) to permit disposition by a single court of factually interdependent claims, and (2) to enable a court to vindicate its authority and effectuate its decrees."); *In re Franklin*, 802 F.2d 324, 326 (9th Cir. 1986) ("[B]ankruptcy courts must retain jurisdiction to construe their own orders if they are to be capable of monitoring whether those orders are ultimately executed in the intended manner."). "When a court's order dismissing a case with prejudice incorporates the terms of a settlement agreement, the court retains ancillary jurisdiction to

|  | : |
|---|---|
| Initials of Preparer | DTA |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 8:23-cv-02230-SVW<br>Related Cases:<br>8:23-cv-02248-SVW<br>8:23-cv-02250-SVW<br>8:23-cv-02245-SVW<br>8:23-cv-02251-SVW<br>8:23-cv-02279-SVW<br>8:23-cv-02252-SVW<br>8:23-cv-02257-SVW<br>**8:23-cv-02260-SVW**<br>8:23-cv-02261-SVW<br><br>BK Case No. 8:21-bk-11558-TA<br>Adv. No. 8:23-ap-01030-TA | Date | May 6, 2024 |
|---|---|---|---|
| Title | *In re: Parks Diversified, L.P.* | | |

enforce the agreement because a breach of the incorporated agreement is a violation of the dismissal order." *Kelly*, 822 F.3d at 1094 (citing *Kokkonen*, 511 U.S. at 381).

The Bankruptcy Court's dismissal order explicitly vested the Bankruptcy Court with continuing jurisdiction to enforce the Settlement Agreement. EOR, Ex. 13 (Order Approving Stipulation of Dismissal), ECF No. 46-3 ("Notwithstanding dismissal, the Court shall retain jurisdiction over issues relating to this Bankruptcy Case and the rights arising out of the Stipulation."). *See also* EOR, Ex. 12 (Stipulation to Dismiss Bankruptcy Case), ECF No. 46-3 (stating that "[t]he Court shall retain jurisdiction over issues relating to this Bankruptcy Case and the rights arising out of this agreement"). Therefore, by stipulation, the Bankruptcy Court possessed ancillary jurisdiction to vindicate its dismissal order in the face of potential challenges.

In part, the Act II State Court Action challenged the Bankruptcy Court's dismissal order. The Settlement Agreement states that Parents "waive any and all claims against each and all of the" professional signatories. EOR, Ex. 12 (Stipulation to Dismiss Bankruptcy Case), ECF No. 46-3. And yet, the Act II State Court Action featured a barrage of claims by Parents against those same professional signatories to the Settlement Agreement. To the Bankruptcy Court, Parents argued that the Act II State Court Action did not conflict with the Settlement Agreement because its claims fell outside the

| | : | |
|---|---|---|
| Initials of Preparer | | DTA |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 8:23-cv-02230-SVW<br>Related Cases:<br>8:23-cv-02248-SVW<br>8:23-cv-02250-SVW<br>8:23-cv-02245-SVW<br>8:23-cv-02251-SVW<br>8:23-cv-02279-SVW<br>8:23-cv-02252-SVW<br>8:23-cv-02257-SVW<br>**8:23-cv-02260-SVW**<br>8:23-cv-02261-SVW<br><br>BK Case No. 8:21-bk-11558-TA<br>Adv. No. 8:23-ap-01030-TA | Date | May 6, 2024 |
|---|---|---|---|
| Title | *In re: Parks Diversified, L.P.* | | |

Agreement's scope. The Bankruptcy Court disagreed.[10] It was well within the Bankruptcy Court's power to interpret and effectuate its Act I dismissal order,[11] and it was therefore well within the Bankruptcy Court's power to dismiss claims it determined were barred by that order.

But the Settlement Agreement did not bar all claims asserted by Parents in the Act II State Court Action. Parents waived no claims against the other lawyers and law firms named in the Act II State Court Complaint (i.e., Linda Wong; Darrell P. White, William London, Maxx Sharp, and the entity Kimura London & White LLP; and Todd B. Becker and the entity Becker Law Group – collectively, "Non-Signatory Appellees"). They also explicitly reserved "any and all rights in relation each other [*sic*]." EOR, Ex. 12 (Stipulation to Dismiss Bankruptcy Case), ECF No. 46-3. In other words, Parents waived no claims against Son.

---

[10] There can be no argument that the Bankruptcy Court did not have jurisdiction to make this determination. "[I]t is familiar law that a federal court always has jurisdiction to determine its own jurisdiction." *United States v. Ruiz*, 536 U.S. 622, 628 (2002) (citing *United States v. Mine Workers*, 330 U.S. 258, 291 (1947)).

[11] Of course, the state court also could have enforced the parties' Settlement Agreement. Despite retaining jurisdiction via its dismissal order, the Bankruptcy Court had discretionary power to "refuse to exercise continuing jurisdiction even though the parties have agreed to it." *Collins v. Thompson*, 8 F.3d 657, 659 (9th Cir. 1993).

|  |  | : |
|---|---|---|
| Initials of Preparer | | DTA |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 8:23-cv-02230-SVW<br>Related Cases:<br>8:23-cv-02248-SVW<br>8:23-cv-02250-SVW<br>8:23-cv-02245-SVW<br>8:23-cv-02251-SVW<br>8:23-cv-02279-SVW<br>8:23-cv-02252-SVW<br>8:23-cv-02257-SVW<br>**8:23-cv-02260-SVW**<br>8:23-cv-02261-SVW<br><br>BK Case No. 8:21-bk-11558-TA<br>Adv. No. 8:23-ap-01030-TA | Date | May 6, 2024 |
|----------|------|------|------|
| Title | *In re: Parks Diversified, L.P.* | | |

The Ninth Circuit has narrowly circumscribed the limits of a bankruptcy court's ancillary jurisdiction. *See Battle Ground Plaza, LLC v. Ray (In re Ray)*, 624 F.3d 1124, 1136 (9th Cir. 2010) ("In short, hearing a breach of contract claim predicated on evidence that came to light after a bankruptcy case had closed, its creditors paid, and the debtor discharged, stretches the limits of the bankruptcy court's ancillary jurisdiction too far, going beyond what is necessary for the bankruptcy court to 'effectuate its decrees.'") (quoting *Kokkonen*, 511 U.S. at 380). *See also Morschauser v. Cont. Cap. LLC (In re Devore Stop)*, No. CC-21-1226-LST, 2022 Bankr. LEXIS 2274, 2022 WL 3372313, at *10–11 (B.A.P. 9th Cir. Aug. 16, 2022) ("When a case has been fully administered and closed, the bankruptcy court's ancillary jurisdiction is extremely limited.").[12] "Reopening of the bankruptcy case is rare, and only used when necessary to resolve bankruptcy issues, not to adjudicate state law claims that can be adjudicated in state court." *In re Ray*, 624 F.3d at 1136. Here, there were no bankruptcy issues to resolve, and the Settlement Agreement only barred some of the Act II State Court Action claims. In resolving all of the claims, the Bankruptcy Court exceeded the confined scope of its ancillary jurisdiction.

---

[12] In *In re Ray*, the bankruptcy court had overseen the sale of real property and issued a final decree closing its Chapter 11 case. In *In re Devore*, the bankruptcy court had likewise overseen the conversion of the bankruptcy to Chapter 7 and overseen the sale of real property before fully administering and closing the case. Both of those situations involve a bankruptcy court doing significantly more in their underlying bankruptcy than the Bankruptcy Court here; all the same, they were found to lack ancillary jurisdiction over tangentially related subsequent proceedings.

| | : |
|---|---|
| Initials of Preparer | DTA |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 8:23-cv-02230-SVW<br>Related Cases:<br>8:23-cv-02248-SVW<br>8:23-cv-02250-SVW<br>8:23-cv-02245-SVW<br>8:23-cv-02251-SVW<br>8:23-cv-02279-SVW<br>8:23-cv-02252-SVW<br>8:23-cv-02257-SVW<br>**8:23-cv-02260-SVW**<br>8:23-cv-02261-SVW<br><br>BK Case No. 8:21-bk-11558-TA<br>Adv. No. 8:23-ap-01030-TA | Date | May 6, 2024 |
|---|---|---|---|
| Title | *In re: Parks Diversified, L.P.* | | |

The Court asked the Non-Signatory Appellees how the Bankruptcy Court could possibly have had ancillary jurisdiction over them at a hearing held on April 29, 2024. ECF No. 68. The following language from a joint brief filed by all appellees in this case, which focuses on Kimura London & White LLP, is representative of the argument made by appellees in their briefs and at oral argument:

> The Bankruptcy Court similarly correctly concluded that it had jurisdiction over the claims against Kimura London, because these are core bankruptcy claims or inextricably intertwined with core claims. If the Court had jurisdiction over the Debtors' Chapter 11 filing (as it did, as argued in this brief), then it necessarily follows that it had jurisdiction over the claims against Kimura London, which are core bankruptcy claims brought by the Debtor or inextricably intertwined with them. Further, even if that were not true, the bankruptcy court would still have jurisdiction because the claims are related to core claims in that they similarly involve the same question regarding Klein's authority to retain litigation counsel on behalf of the Debtor.

Appellees' Joint Br. in Opp'n. 12, ECF No. 46. Simply, the argument advanced by the Non-Signatory Appellees is that the Bankruptcy Court had jurisdiction to adjudicate Parents' claims against them because

| | : |
|---|---|
| Initials of Preparer | DTA |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 8:23-cv-02230-SVW<br>Related Cases:<br>8:23-cv-02248-SVW<br>8:23-cv-02250-SVW<br>8:23-cv-02245-SVW<br>8:23-cv-02251-SVW<br>8:23-cv-02279-SVW<br>8:23-cv-02252-SVW<br>8:23-cv-02257-SVW<br>**8:23-cv-02260-SVW**<br>8:23-cv-02261-SVW<br><br>BK Case No. 8:21-bk-11558-TA<br>Adv. No. 8:23-ap-01030-TA | Date | May 6, 2024 |
| --- | --- | --- | --- |
| Title | *In re: Parks Diversified, L.P.* | | |

those claims are 'inextricably intertwined' with the claims related to the settlement. This Court disagrees. It would not have been difficult for the Bankruptcy Court to simply find that Parents had released all claims against Goe Forsythe and Klein & Wilson and then remand the remaining claims to state court. If claims can be easily partitioned in this way, then they must not be inextricably intertwined.

In conclusion, the Bankruptcy Court possessed ancillary jurisdiction via its dismissal order and the Settlement Agreement to resolve those portions of the Act II State Court Action that pertained to the parties against whom Parents had waived any and all claims, namely Goe Forsythe (and its affiliated attorneys) and Klein & Wilson (and its affiliated attorneys). The Bankruptcy Court overstepped its ancillary jurisdiction by resolving any other claims.

## V.    Conclusion

Having expended many words, the Court provides the reader with a summary of its analysis:
  (1) Corporate authority to file a bankruptcy is not a question of subject matter jurisdiction.
  (2) In Act I, the Bankruptcy Court possessed a form of federal question jurisdiction to resolve the issue of Son's authority to file a bankruptcy on behalf of Park's Diversified. If the

Initials of Preparer                               DTA

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 8:23-cv-02230-SVW | Date | May 6, 2024 |
|---|---|---|---|
| | Related Cases: | | |
| | 8:23-cv-02248-SVW | | |
| | 8:23-cv-02250-SVW | | |
| | 8:23-cv-02245-SVW | | |
| | 8:23-cv-02251-SVW | | |
| | 8:23-cv-02279-SVW | | |
| | 8:23-cv-02252-SVW | | |
| | 8:23-cv-02257-SVW | | |
| | **8:23-cv-02260-SVW** | | |
| | 8:23-cv-02261-SVW | | |
| | | | |
| | BK Case No. 8:21-bk-11558-TA | | |
| | Adv. No. 8:23-ap-01030-TA | | |
| Title | *In re: Parks Diversified, L.P.* | | |

Bankruptcy Court had determined that Son had no such authority, it would have been required to dismiss the bankruptcy pursuant to *Price*. Such a dismissal would have been based on fundamental defects in the underlying bankruptcy; such a dismissal would not have been based on a lack of subject matter jurisdiction.

(3) In Act I, The Bankruptcy Court possessed subject matter jurisdiction to enter its order approving the Settlement Agreement. The Bankruptcy Court validly retained jurisdiction to enforce that order.

(4) In Act II, the Bankruptcy Court erred by determining that the Act II State Court Action was a core proceeding over which it had jurisdiction pursuant to 28 U.S.C. § 1334(b).

(5) In Act II, the Bankruptcy Court possessed ancillary jurisdiction to enforce the Settlement Agreement which it approved in its Act I dismissal order. That ancillary jurisdiction is and was narrow.

(6) The Bankruptcy Court validly exercised its ancillary jurisdiction to resolve claims against Goe Forsythe and Klein & Wilson which were waived by Parents in the Settlement Agreement.

|  |  | : |
|---|---|---|
| | Initials of Preparer | DTA |

## UNITED STATES DISTRICT COURT
### CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 8:23-cv-02230-SVW<br>Related Cases:<br>8:23-cv-02248-SVW<br>8:23-cv-02250-SVW<br>8:23-cv-02245-SVW<br>8:23-cv-02251-SVW<br>8:23-cv-02279-SVW<br>8:23-cv-02252-SVW<br>8:23-cv-02257-SVW<br>**8:23-cv-02260-SVW**<br>8:23-cv-02261-SVW<br><br>BK Case No. 8:21-bk-11558-TA<br>Adv. No. 8:23-ap-01030-TA | Date | May 6, 2024 |
|---|---|---|---|
| Title | *In re: Parks Diversified, L.P.* | | |

(7) The Bankruptcy Court overstepped the bounds of its ancillary jurisdiction in resolving Parents' claims against Non-Signatory Appellees and Son, which were not precluded by the Settlement Agreement.

This matter is hereby REMANDED to the Bankruptcy Court for further proceedings consistent with this order. Going forward, the Bankruptcy Court should consider the effects of this Order on the multitudinous orders Parents object to. Any orders based on the Bankruptcy Court's overstepping of the bounds of its ancillary jurisdiction should be vacated and remanded, as appropriate, to the state court.

**IT IS SO ORDERED.**

|  | : |
|---|---|
| Initials of Preparer | DTA |